Carol D. WATSON, Plaintiff,

v.

Pasquale DeFELICE, M.D., Defendant.

Civ. A. No. 76–1912.

United States District Court,
District of Columbia.

March 21, 1977.

Barry J. Nace, Davis & Nace, Washington, D. C., for plaintiff.

Austin F. Canfield, Jr., Gorman & Canfield, Washington, D. C., for defendant.

MEMORANDUM OPINION

SIRICA, District Judge.

This is an action in which Carol D. Watson, a citizen of Virginia, brought suit against Dr. Pasquale DeFelice, a citizen of Maryland, for malpractice and breach· of contract arising out of events that took place in 1973 when Watson retained Dr. DeFelice as her physician. The gist of the action is that Dr. DeFelice acted negligent-

ly and in breach of agreement in treating a swelling condition from which Watson was suffering during the time she was Dr. De-Felice's patient. The case is presently here on the defendant's motion to dismiss the action on the grounds of *forum non conveniens.*

### I.

A summary of the alleged facts indicates that early in 1973 Watson, who was then pregnant, retained Dr. DeFelice to provide medical care to her in advance of delivering her child. Sometime after this relationship was established, Watson informed Dr. De-Felice that she had previously suffered a blood clot in her leg. Later, at an unspecified date in October 1973, she contacted Dr. DeFelice to report a problem she was having with her right leg. Dr. DeFelice diagnosed the condition over the telephone as a leg cramp and prescribed a muscle relaxer.

On October 29, 1973, Watson entered Morris Cafritz Memorial Hospital in the District of Columbia and gave birth to her child. That same day, she again experienced a problem with her right leg. The problem was of a serious nature, resulting, it is claimed, in a speeding up of pulse, pain and swelling in the leg and discoloration of the hands. Watson claims that these conditions were made known to Dr. DeFelice, who, instead of examining her, authorized her release from Cafritz Hospital on November 2, 1973.

Shortly after her release, Dr. DeFelice examined Watson to determine the cause of her ailing leg, but diagnosed no blood clot. Shortly thereafter, on November 9, 1973, Watson telephoned Dr. DeFelice and reported pain and swelling in her leg, at which time she was advised to enter Cafritz Hospital for emergency treatment. This Watson did and, after undergoing an examination at the hospital by unspecified persons, she was released. But even after her release, it is alleged, her leg was in a painful and swelled condition, remaining that way for several weeks, during which time she remained under the care and treatment of Dr. DeFelice.

On the basis of these factual allegations, Watson claims that Dr. DeFelice breached his duty to exercise due professional care by failing to diagnose her condition promptly and accurately. This failure, it is claimed, amounts to malpractice and breach of contract and plaintiff is entitled to recover for her physical and mental injury.

### II.

The case is presently here on Dr. DeFelice's motion to dismiss the action because of *forum non conveniens.* Dr. DeFelice argues that trying the case in the District of Columbia is inappropriate in that the dispute is between persons not resident here and arises out of a relationship that was established and carried on largely in Maryland. In opposition, Watson contends that the critical facts involved in the case took place at Cafritz Hospital here in the District of Columbia and that, in any event, this is the most convenient place to try the action in view of access to witnesses and evidence. The thrust of these arguments indicates that both parties assume that *forum non conveniens* is an appropriate ground for dismissing a diversity action of the kind involved here between citizens of different yet neighboring states. This assumption however is unwarranted.

█ The doctrine of *forum non conveniens* is designed to protect defendants from having to defend against claims brought in forums chosen by their opponents that are so inconvenient to them as to be vexatious and oppressive. The concern is that parties should not be required to answer claims filed pursuant to a "strategy of forcing the trial at a most inconvenient place for an adversary." *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 507, 67 S.Ct. 839, 842, 91 L.Ed. 1055, 1062 (1946). In the absence of legislative sanction "to change the place of trial" on the grounds of "the convenience of witnesses and the ends of justice," the remedy under the doctrine is for the forum court to dismiss the action. *Id.*

█ With the enactment in 1948 of 28 U.S.C. § 1404, however, Congress provided federal courts with an alternative remedy

short of dismissal where convenience dictates against entertaining an action in the forum selected by the plaintiff. This is to transfer the action to a federal court "where it might have been brought." But this alternative is not available in all federal actions where convenience is at issue. It is not available where there is no other federal forum where the action could have been brought, or alternatively, where the transfer forum is not a federal court at all, but rather a state court or the court of a foreign nation. Wright & Miller, Federal Practice and Procedure § 1352, pp. 574–75 (1969). In these instances, the remedy of transferring the action as provided in 28 U.S.C. § 1404 is unavailable and the pre-1948 remedy of dismissal under the doctrine of *forum non conveniens* emerges as the exclusive avenue of relief.

■ In the present case, however, transfer of the action to District Court in Maryland is clearly an available alternative since, for all that appears of record, both jurisdiction and venue properly lie there. It follows that application of the doctrine under the circumstances present here would be inappropriate. Any action necessary to remedy the inconvenience of trying the instant suit in this court must take the form of a convenience transfer.

### III. ORDER

Upon consideration of the motion of defendant to dismiss the action on the grounds of *forum non conveniens*, of the papers filed in support thereof and of the opposition of plaintiff to said motion, and it appearing to the Court that no hearing in this matter is necessary, it is this 21st day of March, 1977.

ORDERED that motion of defendant to dismiss the action be, and the same hereby is, denied;

PROVIDED HOWEVER, that nothing contained in this order shall prevent the defendant herein from later filing a motion to transfer the action pursuant to 28 U.S.C. § 1404, should discovery indicate that a transfer is warranted.