Michael BERRIGAN, Richard Burrows, Harvey Fischler and Richard Randall

v.

GREYHOUND LINES, INC. and Amalgamated Council of Greyhound Local Unions, AFL–CIO.

Civ. A. No. CA 82–1553–Z.

United States District Court, D. Massachusetts.

Dec. 29, 1982.

---

Kathryn M. Noonan, McDonald & Noonan, Boston, Mass., for plaintiffs.

David R. Schmahmann, Nutter, McClennen & Fish, Boston, Mass., Donald R. Day, Phoenix, Ariz., for Greyhound.

Arthur Flamm, Flamm, Paven & Feinberg, Boston, Mass., I.J. Gromfine, Gromfine, Sternstein, Rosen & Taylor, Washington, D.C., for Amalgamated Council of Greyhound Local Unions.

## MEMORANDUM OF DECISION

ZOBEL, District Judge.

This is an action under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, against Greyhound Lines, Inc. ("Greyhound") and the Amalgamated Council of Greyhound Local Unions (the "Council"). Four plaintiffs, purporting to represent a class of 300 schoolteachers working as drivers for the bus company in the summer and their vacation period, allege that Greyhound has breached its collective bar-

gaining agreement with them by no longer giving them the same benefits as full-time employees. The complaint also states that the Council has breached its duty of fair representation by withdrawing plaintiffs' grievances concerning Greyhound's change in policy and thus permitting the change to occur. The case is before the Court on defendants' motion to dismiss for improper venue or, alternatively, to transfer the case to Phoenix, Arizona, where the principal offices of both the Council and Greyhound are located.

According to the pleadings and affidavits submitted by the parties, the facts relevant to the issue of venue are as follows. The Council, an amalgamation of about thirty local unions of Greyhound employees sprinkled throughout the country, is an unincorporated labor organization. It meets four times a year in Phoenix and has its own officers. None of those officers were in Massachusetts representing Greyhound employees when this suit was filed nor is there any evidence they have ever been here for that purpose. However, one of the local unions comprising the Council, the Amalgamated Transit Union Local 1205, is in this district and represents Greyhound employees here.

The local has its own officers, and its president does not hold any office in the Council. Defendants argue in their brief that the Council exerts no control over the local's finances or its internal management, but the affidavits make no mention of that. The affidavits do show that the Council negotiates the contracts governing the rights of Local 1205 employees and arbitrates grievances on their behalf. Both the contract negotiations and the arbitrations take place in Arizona. To handle the grievances relevant to this lawsuit, the Council appointed a special committee comprised of the presidents of various locals (including Local 1205) which met in Scottsdale; the decision not to arbitrate was made in Phoenix.

The named plaintiffs are members of Local 1205 and work (or did work) at Greyhound's Boston terminal. Other members of the purported class of schoolteacher/drivers are from various states and belong to locals other than 1205.[1] The grievances concerning Greyhound's elimination of the schoolteacher/driver program were filed by plaintiffs other than those in Massachusetts. But the president of the 200-member organization which serves as spokesman for the schoolteacher/drivers belongs to the Boston local, and the Boston schoolteacher/driver program is similar to other such programs around the country.

Defendants assert two grounds for their motion. First, they argue that venue in Massachusetts is improper as to the Council under 29 U.S.C. § 185(c), the special statute governing venue in Section 301 actions such as this one.[2] If venue is improper as to the Council, they contend, the suit cannot be brought here at all because the Council is a necessary and indispensable party. Second, defendants argue more generally that this forum is an inconvenient one and that the case should be dismissed under the doctrine of *forum non conveniens* or transferred pursuant to 28 U.S.C. § 1404(a). They cite the fact that the acts giving rise to the dispute occurred in Arizona and many of

---

1. There is some dispute about where the schoolteacher/drivers comprising the class in fact reside. An affidavit submitted by plaintiff says that they all live in the northeast quadrant of the United States. An affidavit submitted by the Greyhound president says that the schoolteacher/driver program, the elimination of which is the source of this suit, existed in cities outside the northeast quadrant of the country.

2. The section says: "For the purposes of actions and proceedings by or against labor organizations in the district courts of the United States, district courts shall be deemed to have jurisdiction of a labor organization (1) in the district in which such organization maintains its principal office, or (2) in any district in which its duly authorized officers or agents are engaged in representing or acting for employee members." Although it refers to "jurisdiction," the statute has been interpreted to provide a basis for venue. *See, e.g., United Rubber, Cork, Linoleum and Plastic Workers v. Lee Rubber & Tire Corp.,* 394 F.2d 362, 364 (3d Cir.), *cert. denied,* 393 U.S. 835, 89 S.Ct. 108, 21 L.Ed.2d 105 (1968).

the witnesses and relevant documents are located there.

### A. Venue under 29 U.S.C. § 185(c)

The Council does not have its principal office in this district nor are any of its officers in Massachusetts. However, Local 1205 is present in the district and is engaged in representing employees here. Thus, venue is appropriate under the labor statute if the local is the Council's "duly authorized agent." Defendants contend that the local is a separate and autonomous entity so that its presence here is insufficient.

■ It has long been recognized that locals are not presumed to be agents of the national or international to which they belong merely because of their affiliation. *Bacino v. American Federation of Musicians*, 407 F.Supp. 548, 553 (N.D.Ill.1976); *See Coronado Coal Co. v. United Mine Workers*, 268 U.S. 295, 45 S.Ct. 551, 69 L.Ed. 963 (1925). The test used to determine whether an agency relationship exists is essentially one of balancing—the character of business affairs subject to the international's supervision and control are weighed against those left to the local's discretion. *T.S. Ragsdale, Inc. v. International Brotherhood of Teamsters*, 67 (CCH) Lab. Cases ¶ 12,410 at 23,429 (D.S.C.1972); *Navios Corp. v. National Maritime Union*, 289 F.Supp. 197, 199 (E.D.Penn.1968). Courts focus on the actual relationship between the two organizations, evaluating the independence of the local in terms of property ownership, dues collection, election of officers, and internal management. *See, e.g., Kreshtool v. International Longshoremen's Ass'n*, 242 F.Supp. 551, 556–559 (D.Del.1965). Which organization negotiates the contracts and arbitrates grievances is of particular importance. *Bacino v. American Federation of Musicians*, 507 F.Supp. at 554; *See also Ellison v. Rock Hill Printing and Finishing Co.*, 347 F.Supp. 436, 441–442 (D.S.C.1972).

■ Applying this analysis to the instant case, I conclude that the local is an agent of the Council. According to the affidavits, the local appears to have little control over its affairs. The Council negotiates contracts for the local and arbitrates its grievances—the two primary activities of any labor organization. In the dispute giving rise to this suit, the Council made all relevant decisions. The only evidence before me of the local's autonomy is that the two bodies have different officers and that the Local 1205 president is not authorized to accept service of process on the Council's behalf. That is simply not enough to support the defendants' argument that the two organizations are separate.

■ The Council counters that the arbitration of grievances and negotiation of contracts occur in Arizona so that the representation of Greyhound employees takes place outside the district. For venue to exist under 29 U.S.C. § 185(c), the union agent engaged in representing employees must be physically present within the district. *Barefoot v. International Brotherhood of Teamsters*, 424 F.2d 1001, 1005 (10th Cir.), *cert. denied*, 400 U.S. 950, 91 S.Ct. 239, 27 L.Ed.2d 257 (1970). Once the local is found to be an agent, however, the local's presence in the district is sufficient. There is no question that Local 1205 is engaged in representing employees.[3] Venue thus is appropriate under the labor statute.

### B. Forum non conveniens and 28 U.S.C. § 1404(a)

Defendants next argue that even if Massachusetts is the proper forum, it is nevertheless an inconvenient one. They point out that events relevant to this lawsuit occurred in Arizona and that witnesses, doc-

---

3. The Council seemed to assert at oral argument that the local's representation of employees in local disputes does not meet the requirements of 29 U.S.C. § 185(c) if the activity which gave rise to the lawsuit occurred elsewhere and the local played no part. There is no support in the case law or the wording of the statute itself, however, for the assertion that the local is an agent engaged in representing employees for purposes of venue only if it represented employees in the matter which is the subject of the litigation.

uments, and the defendants' principal offices are located there. Plaintiffs, on the other hand, have no particularly strong connection to Massachusetts, since a majority of them appear to reside elsewhere. Defendants seek dismissal of the lawsuit under the doctrine of *forum non conveniens* as outlined in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). Alternatively, they seek a transfer of the case for the "convenience of parties and witnesses, [and] in the interest of justice" pursuant to 28 U.S.C. § 1404(a).

 Initially, I note that the doctrine of *forum non conveniens* is of only limited vitality today in federal court insofar as it calls for dismissal of a lawsuit. 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure,* § 3828 (1976). Because of the existence of § 1404(a), a case should be transferred, not dismissed, if there is another federal district court in which the action could have been brought. *Watson v. DeFelice,* 428 F.Supp. 1276, 1278 (D.D.C.1977); *Mars, Inc. v. Standard Brands, Inc.,* 386 F.Supp. 1201, 1204 (S.D.N.Y.1974). There is no doubt that this suit might have been brought in Arizona in that venue is proper there and a federal court would have personal jurisdiction over the defendants. Thus, the only question before me is whether this forum is so inconvenient as to warrant a transfer.

 The decision as to whether to transfer a case under Section 1404(a) is a discretionary one, requiring a balancing of several factors. A factor entitled to great weight is the plaintiff's choice of forum. *Golconda Mining Corp. v. Herlands,* 365 F.2d 856, 857 (2d Cir.1966); *S–G Securities, Inc. v. Fuqua Investment Co.,* 466 F.Supp. 1114, 1122 (D.Mass.1978). The burden is on the defendant to show that a transfer is warranted. *Factors, Etc. v. Pro Arts, Inc.,* 579 F.2d 215, 218 (2d Cir.1978), *cert. denied,* 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979); *Bertozzi v. King Louie International, Inc.,* 420 F.Supp. 1166, 1173 (D.R.I.1976). It is not enough, without more, that the claim arose elsewhere or that defendants would prefer another forum. Nor should a transfer be ordered if the result is merely to shift the inconvenience to the plaintiff.

 The defendants in this case are a national transportation company with a terminal in Boston and a labor organization with locals throughout the country, including this state. The plaintiff class includes several hundred individuals who necessarily would have more difficulty going to Arizona than defendants would have in coming here. The four named plaintiffs work in Greyhound's Boston terminal, and the other plaintiffs reside in the northeast part of the United States, according to the plaintiffs' affidavit. The fact that a number of plaintiffs reside outside this district does not mean that the case should be tried in Arizona, where none of them live. The president of the organization of schoolteacher/drivers lives and works in Boston and regularly communicates with the members who constitute the purported class. The Boston terminal had a schoolteacher/driver program of the type which is the subject of this suit. In light of these facts, the defendants have failed to show that the balance tips strongly in favor of a transfer to Arizona.

Accordingly, the motion for dismissal of the lawsuit for improper venue or for transfer of the case to Arizona as a more convenient forum is hereby denied.