**EMPLOYERS INSURANCE OF WAUSAU, a Mutual Company, Plaintiff,**

v.

**COMMERCIAL UNION INSURANCE COMPANY, Defendant.**

**Civ. A. No. 89–1718–Mc.**

United States District Court,
D. Massachusetts.

May 2, 1990.

---

John T. Harding, Zelle & Larson, Waltham, Mass., for plaintiff.

Richard L. Neumeier and Paul M. Moretti, Parker, Coulter, Daley & White, Boston, Mass., for defendant.

### MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER

McNAUGHT, District Judge.

Defendant Commercial Union Insurance Company (Commercial Union) issued a general liability policy to North Shore Towers Associates, an apartment complex in Queens, New York, for the period of June 14, 1980 to June 14, 1981. Plaintiff Employers Insurance of Wausau (Wausau) issued an excess umbrella liability policy for the period of September, 1980, to September, 1981, to and for the benefit of an individual who was a partner in North Shore Towers. North Shore Towers was an additional named insured under the Wausau policy.

In February, 1981, two residents of North Shore Towers, Elliot and Ellen Hyman, were attacked in their apartment. Elliot Hyman died as a result and Ellen Hyman sustained serious gunshot wounds. Mrs. Hyman commenced action against North Shore Towers and other defendants seeking several million dollars in damages. Commercial Union accepted the defense of the action. A jury found North Shore Towers liable and awarded damages in the amount of 4.25 million dollars. The Court remitted the award to 2.85 million.

Plaintiff Wausau filed a complaint against Commercial Union for tortious failure to settle Ellen Hyman's action within the limits of Commercial Union's general policy. Wausau ultimately had to pay $500,000 under the excess policy.

■ This comes before the Court on Commercial Union's motion to transfer to the Southern District of New York pursuant to Title 28 U.S.C. § 1404(a). To prevail on a motion to transfer, defendants must overcome the presumption in favor of plaintiff's choice of forum. *Berrigan v. Greyhound Lines, Inc.*, 560 F.Supp. 165, 169 (D.Mass.1982), *aff'd*, 782 F.2d 295 (1st Cir. 1986). The Court looks at the convenience of the parties, the witnesses, and "the interests of justice". Defendant has sufficiently overcome the presumption to warrant a transfer.

■ Communications between Commercial Union's Home Office and its Jericho office indicate that the Home Office was merely kept apprised of the matter, whereas the settlement negotiations in the Hyman case and the dealings with Mrs. Hyman's defense lawyers occurred in New York. The convenience of the parties weighs in favor of New York. Wausau is located in Wisconsin which, by plane, is virtually equidistant to Boston or New York; Commercial Union is seeking the transfer. As to the convenience of the witnesses, plaintiff has identified only two Home Office employees who would testify. Defendant's supporting affidavit states that the Commercial Union employees who were involved in the Hyman matter are located in New York. The defense attorneys for the Hyman case, who according to Commercial Union will need to testify, are also located in New York.

The convenience of the parties, the witnesses and the interests of justice warrant a transfer. Defendant's motion is granted.