James Edward Townsend, Jr., Jimmy Davenport, and Roy Price Heald petition this Court for a writ of mandamus to the Honorable Stuart Leach, judge of the Circuit Court of Jefferson County, directing him to vacate his order of June 13, 1991, transferring a case from the Jefferson Circuit Court to the Etowah Circuit Court.
 "We note at the outset that mandamus is a drastic and extraordinary writ to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court."
Ex parte Edgar, 543 So.2d 682, 684 (Ala. 1989). *Page 713 
On July 24, 1990, petitioners Townsend, Davenport, and Heald were injured in the City of Gadsden, Etowah County, when the brakes failed on the garbage truck on which they were riding. On March 15, 1991, they filed a complaint in Jefferson Circuit Court against General Motors Corporation, Pak-Mor Manufacturing Company, Inc., and Joe Money Machinery Company, Inc., claiming damages under the Alabama Extended Manufacturers Liability Doctrine and for breach of warranty; and against David J. Nolen, Jan Kilgore Veal, Eddie L. Taylor, Eugene L. Harrell, Mack Smith, and Eugene T. Greeson claiming damages based on negligence and/or wanton conduct.
On April 25, 1991, defendants Nolen, Veal, Taylor, Harrell, Smith, and Greeson filed a motion for change or transfer of venue from Jefferson County to Etowah County. On May 6, 1991, defendant Pak-Mor Manufacturing, filed a motion to dismiss, or, in the alternative, to transfer the case to Etowah County. The trial court on June 10, 1991, transferred the case to Etowah Circuit Court.
Defendants Nolen, Veal, Taylor, Harrell, Smith, and Greeson are residents of Etowah County. The plaintiffs, Townsend, Davenport, and Heald, are residents of Etowah County. The motor vehicle accident in question occurred in Etowah County. The investigation was done in Etowah County by Etowah residents, and the physical evidence surrounding the accident, including the vehicle, is located in Etowah County. Each of the plaintiffs received initial medical treatment in Etowah County, and the paramedics attending the plaintiffs after the accident reside in Etowah County. Even the wrecker driver lives in Etowah County.
The petitioners argue that Jefferson County is a proper forum because their witnesses are residents of, or regularly do business in, Jefferson County: employees or agents of Pak-Mor Manufacturing and Joe Money Machinery; Dr. Chi-Tso Huang and other medical personnel who treated Heald, Townsend, and Davenport; Heald's psychiatrist, Dr. Mallory Miree; and petitioners' expert witnesses.
General Motors is a foreign corporation doing business in Jefferson County. Pak-Mor is a foreign corporation not registered in Alabama, but it does business in Alabama by and through its distributor, Joe Money Machinery. Joe Money Machinery is a business entity with its place of business in Jefferson County, Alabama.
Where is the proper venue in a personal injury action against Joe Money Machinery, a domestic corporation? Under Alabama Code 1975, § 6-3-7, a domestic corporation may be sued in any county in which it does business by agent or was doing business by agent at the time the cause of action arose. We are told that Joe Money Machinery was doing business by agent in Jefferson County at the time this suit was filed and at the time the cause of action arose. However, this is an action for damages based on personal injuries. Section 6-3-7 contains the following proviso with respect to actions based on personal injuries: "all actions against a domestic corporation for personal injuries must be commenced in the county where the injury occurred." The injury occurred in Etowah County. Therefore, under the provisions of § 6-3-7, Etowah County is the only proper venue as to a domestic corporation in this personal injury action.
What is the proper venue as to Pak-Mor Manufacturing and General Motors, each of which is a foreign corporation with its principal place of business outside the State of Alabama?
Venue as to foreign corporations was the subject of Amendment 473 (proclaimed ratified April 1, 1988), which amended Article XII, § 232 of the Alabama Constitution of 1901. In pertinent part, that amendment provides: "Any foreign corporation . . . may be sued only in those counties where such suit would be allowed if said foreign corporation were a domestic corporation."
Thus, insofar as venue is concerned, defendants General Motors and Pak-Mor may be sued only in those counties where a domestic corporation may be sued. Thus, *Page 714 
these two defendants are subject to the proviso in § 6-3-7
requiring that an action based on personal injuries be brought (against a domestic corporation, and now, by virtue of Amendment 473, against a foreign corporation) in the county where the injury occurred.
The Alabama constitution, as amended by Amendment 473, makes venue the same for domestic and foreign corporations and requires that they be treated identically for venue purposes.Ex parte Southern Ry., 556 So.2d 1082 (Ala. 1989). The result in a case such as the present one, this case being one based on personal injuries, was stated in Ex parte Newell,569 So.2d 725, 728 (Ala. 1990):
 "All actions against a domestic [or foreign] corporation for personal injuries must be commenced in the county where the injury occurred or in the county where the plaintiff resides if such corporation does business by agent in the county of the plaintiff's residence."
What is the proper venue as to the individual defendants?
All of the individual defendants are residents of Etowah County. Section 6-3-2(a)(3) controls venue where individuals are sued in a personal action:
 "All other personal actions, if the defendant or one of the defendants has within the state a permanent residence, may be commenced in the county of such residence or in the county in which the act or omission complained of may have been done or may have occurred."
Thus, under the constitution and statutes of this state, the only proper venue in this case would be where the injury occurred (Etowah County); the county where the plaintiffs reside (Etowah County); or the county in which the individual defendants reside (Etowah County).
Venue was improper in Jefferson County. Accordingly, the trial court properly transferred this case to the Circuit Court of Etowah County. Rule 82(dX1), Ala.R.Civ.P.
Because venue was improper in Jefferson County, the doctrine of forum non conveniens adopted in this state and codified at § 6-3-21.1, Code of Alabama 1975, has no application in this case. That doctrine has a field of operation only where the action is commenced in a county in which venue is appropriate.
The statute provides:
 "(a) With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein."
Transfers under § 6-3-21.1 are within the discretion of the trial judge. Ex parte Canady, 563 So.2d 1024, 1025 (Ala. 1990).
 "In cases involving the exercise of discretion by an inferior court, mandamus may issue to compel the exercise of that discretion. It may not, however, issue to control or review its exercise except in a case of abuse of discretion."
Ex parte Smith, 533 So.2d 533, 534 (Ala. 1988).
The United States Supreme Court has set forth guidelines for applying the doctrine of forum non conveniens:
 "Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive."
Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839,843, 91 L.Ed. 1055 (1947).
The doctrine of forum non conveniens is intended to prevent the waste of time, energy, and money and also to protect witnesses, litigants, and the public against unnecessary expense and inconvenience. Van Dusen v. Barrack, 376 U.S. 612,616, 84 S.Ct. 805, 809, 11 L.Ed.2d 945 (1964). *Page 715 
 "[The purpose of this doctrine is] to protect defendants from having to defend against claims brought in forums chosen by their opponents that are so inconvenient to them as to be vexatious and oppressive. The concern is that parties should not be required to answer claims filed pursuant to a 'strategy of forcing the trial at a most inconvenient place for an adversary.' "
Watson v. Defelice, 428 F. Supp. 1276, 1277 (D.D.C. 1977).
The transferee forum must be "significantly more convenient" than the forum in which the action is filed, as chosen by the plaintiffs, to justify transfer. In re Oil Spill by "AmocoCadiz" off Coast of France on March 16, 1978, 491 F. Supp. 170,176 (N.D.Ill. 1979).
We address the forum non conveniens doctrine because it is new to Alabama. The trial court should grant a motion to transfer on the ground that another venue is more convenient to the parties only when it is convinced that the right of the plaintiff to chose the forum is outweighed by the inconvenience to the parties. In order to make such a determination, the trial court may order a hearing, at which the burden is on the defendant to prove to the satisfaction of the trial court that the defendant's inconvenience and expense of defending the action in the venue selected by the plaintiff are such that the plaintiff's right to chose the forum is overcome.
WRIT DENIED.
HORNSBY, C.J., and MADDOX, ALMON, ADAMS, HOUSTON, KENNEDY and INGRAM, JJ., concur.