In April 1990, Michael Graham purchased a Nissan Sentra automobile from Bob Mandal Nissan, Inc. (hereinafter "Mandal Nissan"), a dealership located in Mobile County. Several times thereafter, Graham took the vehicle back to Mandal Nissan for repair of an apparent defect that caused the vehicle to "jerk" or swerve to the side when changing lanes.
In September 1990, Graham was riding as a passenger in his automobile on a public roadway in Baldwin County when it suddenly swerved to the right and overturned several times, ejecting Graham and the driver. Graham sued Mandal Nissan and Nissan Corporation, USA (hereinafter "Nissan USA"), alleging that Nissan USA had defectively manufactured the vehicle and that Mandal Nissan had negligently repaired it and that his injuries were the direct result of their negligence. The defendants moved to transfer the action from the Mobile Circuit Court to the Baldwin Circuit Court, and the trial court granted these motions. Graham seeks a writ of mandamus directing the trial court to vacate its transfer order. *Page 995 
Graham first recognizes that the applicable venue statute is Ala. Code 1975, § 6-3-7, which provides:
 "[A]ll actions against a domestic corporation for personal injuries must be commenced in the county where the injury occurred or in the county where the plaintiff resides if such corporation does business by agent in the county of the plaintiff's residence."
Graham argues that, for purposes of § 6-3-7, a "personal injury" occurs in the place where the alleged negligent act or omission occurs and not in the place where the damage ensues. He relies upon Ex parte SouthTrust Bank of Tuscaloosa County,N.A., 619 So.2d 1356 (Ala. 1993), a fraud case wherein this Court held that in § 6-3-7 "injury" refers to the wrongful act or omission of the corporate defendant and not to the resulting damage to the plaintiff; thus, in SouthTrust we concluded that venue is proper under § 6-3-7 where the wrongful act or omission was committed. Graham argues that this rule should be applied in bodily injury cases, as it is in fraud and libel cases, and concludes that venue in this case is proper in Mobile County where the alleged negligent repair of the vehicle was performed.
Our holding in SouthTrust was based on Age-Herald PublishingCo. v. Huddleston, 207 Ala. 40, 92 So. 193 (1921), wherein this Court examined at length the issue of where an "injury" is deemed to have "occurred" for purposes of the corporate venue statute. The Court analyzed Ala. Code 1907, § 6112, which was later recodified as § 6-3-7, and held:
 "It is clear that the words 'injury' — in the Latin, injuria — in the phrase 'where the injury occurred,' is used in its proper legal sense of wrong, importing, of course, a wrongful act or omission. 'Damage,' the result of the wrongful act — technically called the damnum — is a correlative term of wholly distinct meaning and application. The significance of the terms — 'injury' and 'damage' — is sharply contrasted in the familiar legal phrase, damnum absque injuria, and injuria sine damno. . . ."
 "The meaning we accord to 'injury' in section 6112 is made clearer by a consideration of 6110, which is a general venue statute, and which authorizes the bringing of non-contractual personal actions either in the county of the defendant's residence, 'or in the county in which the act or omission complained of may have been done, or may have occurred.' Certainly, in enacting the later section (6112), the Legislature did not intend to change the basis of venue in tort actions from the county in which the wrongful act was done or occurred to the county, or any county, in which the resulting damage occurred, and to thereby effect so vital a change in actions only against corporate defendants, and for personal injuries only.
 "It results that, under section 6112, the venue in this action must be laid in the county where the wrongful act — that is, the act violative of plaintiff's rights — was done."
207 Ala. at 44, 92 So. at 197.
Because Age-Herald was a libel case, this Court held that the proper venue for the action was the county where the libeling party published the remarks, not where they were received and where the resulting damage occurred. This rule has been applied in later libel cases, Ex parte Arrington, 599 So.2d 24 (Ala. 1992); Ex parte First Alabama Bank of Montgomery, N.A.,461 So.2d 1315 (Ala. 1984), and has recently been extended by this Court to apply to fraud cases. Ex parte SouthTrust Bank ofTuscaloosa County, N.A., supra. In each of these cases, this Court reiterated that the legal meaning of "injury" in a tort action is the act or omission of the defendant, not the damage that the plaintiff suffers as a result of the defendant's act or omission.
Graham recognizes that in Ex parte Townsend, 589 So.2d 711
(Ala. 1991), this Court applied a different interpretation of §6-3-7 to a "personal injury" action involving a domestic corporate defendant. In that case, the plaintiffs were injured when the garbage truck they were riding in crashed in Etowah County, as the result of a faulty garbage compactor unit sold by the defendant in Jefferson County for installation in the garbage truck. The plaintiffs sued in Jefferson County; however, the court transferred the case *Page 996 
to Etowah County on motion of the defendants. This Court denied the plaintiffs' petition for a writ of mandamus directing the trial court to vacate the transfer. The Court noted that the plaintiffs and witnesses to the accident resided in Etowah County, as did the wrecker driver and the medical personnel who attended to the plaintiffs. The Court also noted that the accident was investigated in Etowah County and that the physical evidence in the case, including the vehicle itself, was located in Etowah County. The Court held that theinjury thus occurred in Etowah County and venue was proper there.
Mandal Nissan and Nissan USA argue that Townsend created an exception whereby the legal definition of "injury" set out inAge-Herald would not apply in "personal injury" cases where the defendant's act or omission results in bodily harm to the plaintiff. They insist that there is a difference between the damage suffered in bodily injury cases and the damage suffered in the context of fraud or libel, and that there is therefore justification for the exception.
We recognize that in the everyday practice of law, a "personal injury" action is a case wherein the defendant's breach of a duty owed to the plaintiff results in bodily harm to the plaintiff; in that context, "personal injury" is interpreted literally. In interpreting the term "personal injury," as it is used in the venue statute, this Court has expanded the meaning of the term to include mental distress, annoyance, inconvenience, humiliation, and other manifestations of mental distress, as well as direct bodily harm. Ex parteFirst Alabama Bank of Montgomery, N.A., supra. While this Court has not sought to classify one type of claim above another, it has previously indicated that there is to be a distinction between "personal injury" actions involving bodily injury and those actions involving the less traditional "personal injury" of mental distress.
In Drennen Motor Car Co. v. Evans, 192 Ala. 150, 68 So. 303
(1915), the Court construed § 6112, Code of 1907, the predecessor of today's corporate venue statute, in pari materia
with § 6110, Code of 1907, which was the predecessor of today's individual venue statute, to determine the proper venue for a "personal action." The individual venue statute provided that a "personal action" against an individual defendant could be brought either in the county of the defendant's permanent residence within the state or at the place where the act or omission occurred. The Court gave the following analysis:
 "The question of venue is the place of procedure designated by the statute. It is declared in section 6112 of the Code of 1907 where certain suits for personal injuries must be brought against corporations, and where corporations may be sued [emphasis in original] on other causes of action other than personal injuries. It is clear, however, that this section was not intended to declare the venue of all actions against corporations. It is necessary, then, that we consider this section with the other section of the Code declaring venue. What, then, is the meaning of sections 6110 and 6112 as to the venue for actions, other than those for personal injuries, against domestic corporations? These statutes, when construed together, specifically declare the venue of all personal actions other than those for personal injuries, against a domestic corporation, to be: (1) in the county of the residence or of the situs of the corporation; or (2) in the county where such corporation does business by agent; or (3) in the county in which the act or omission complained of may have been done or may have occurred. Montgomery Iron Works v. Eufaula Oil Fertilizer Co., 110 Ala. 395, 20 So. 300 (1896); Ala. West R.R. Co. v. Wilson, 1 Ala. App. 306, 55 So. 932 [emphasis added]."
192 Ala. at 155-56, 68 So. at 305.
With this holding, the Court recognized that noncontractual personal actions such as fraud and libel actions could be brought under the corporate venue statute, but differentiated between a "personal action" and a "personal injury action." In holding that a "personal action" could be brought "where the act or omission occurred," the Court was careful to make personal injury actions an exception to this rule.
In Associated Grocers of Alabama v. Graves Co., 272 Ala. 158,130 So.2d 17 (1961), *Page 997 
an equity case, this Court again held that the corporate venue statute should be construed in pari materia with the individual venue statute. Quoting the language found in Drennen, the Court again held that in all "personal actions, other than personal injury actions," the corporate venue statute required that an action be brought where the corporate defendant resided or did business or at the place where the act or omission occurred.272 Ala. at 162, 130 So.2d at 20.
With these cases, the Court effectively established a different rule of venue for personal injury actions such as fraud and libel actions, which were formerly known as merely "personal actions," and negligence actions based on bodily injury, which are "personal injury actions" in the popular sense, without excluding either type of claim from the corporate venue statute. This differentiation is borne out in the Court's dissimilar holdings in the Age-Herald line of cases, which involved "personal actions," and Townsend, which was a "personal injury" case in the popular sense. We now bring focus to these holdings by establishing the following interpretation of § 6-3-7: In personal injury actions where the defendant's wrongful act or omission causes the plaintiff to suffer mental and/or emotional distress, or other nonbodily injuries, the injury occurs in the county where the defendant's wrongful act or omission occurred. In personal injury actions where the defendant's wrongful act or omission causes bodily harm to the plaintiff, the injury occurs in the county where the bodily harm occurs. We emphasize that both types of actions are properly brought under § 6-3-7; our holding in this case does nothing to alter the well-settled rule that the term "personal injury" encompasses mental and/or emotional distress, as well as bodily harm.
In applying this standard in the instant case, we hold that venue is proper in Baldwin County, where the accident occurred and where the bodily harm to the plaintiff resulted. The trial court's order transferring the case was thus proper; accordingly, the petition for the writ of mandamus is denied.
WRIT DENIED.
MADDOX, HOUSTON, KENNEDY and INGRAM, JJ., concur.
SHORES, J., concurs in the result.