The defendants petition for a writ of mandamus directing the trial judge to transfer the plaintiff's action from the Jefferson County Circuit Court to the Etowah County Circuit Court pursuant to § 6-3-21.1, Ala. Code 1975, on the ground that the Etowah court is more convenient to the parties and witnesses. The dispositive issue is whether the trial judge abused his discretion in denying the defendants' motion to transfer this *Page 436 
case. We conclude that he did not; therefore, we deny the petition for a writ of mandamus.
 FACTS
Shirley Clifton, the plaintiff, owns Clifton's I-59 Exxon service station in Etowah County, Alabama. Before January 1991, Clifton had purchased a business owner's insurance policy from Auto-Owners Insurance Company through David O'Neal, an employee of Insurance Facilities, Inc. On January 10, 1991, Clifton reported a break-in and theft at her business. She subsequently filed a claim under her policy with Auto-Owners. On May 28, 1991, Clifton sued Auto-Owners in the Jefferson County Circuit Court, alleging a breach of contract and a bad faith failure to pay insurance benefits. On May 1, 1992, Clifton amended her complaint to add Insurance Facilities as a defendant.
On January 28, 1993, Auto-Owners and Insurance Facilities moved to transfer the case from the Jefferson County Circuit Court to the Etowah County Circuit Court for the convenience of parties and witnesses, pursuant to § 6-3-21.1, Ala. Code 1975. The court denied the motion.
Auto-Owners and Insurance Facilities petitioned this Court for a writ of mandamus, arguing that the trial judge had abused his discretion in refusing to transfer the case to Etowah County.
 SCOPE OF REVIEW
The scope of review of a venue determination is whether the trial court has abused its discretion and acted in an arbitrary and capricious manner, and a writ of mandamus will not be issued except upon a clear showing of error on the part of the trial judge. Ex parte City of Fayette, 611 So.2d 1032, 1033
(Ala. 1992). The standard for ruling on a motion to transfer under § 6-3-21.1 was stated in Ex parte Townsend,589 So.2d 711, 715 (Ala. 1991):
 "The trial court should grant a motion to transfer on the ground that another venue is more convenient to the parties only when it is convinced that the right of the plaintiff to [choose] the forum is outweighed by the inconvenience to the parties. . . . [T]he burden is on the defendant to prove to the satisfaction of the trial court that the defendant's inconvenience and expense of defending the action in the venue selected by the plaintiff are such that the plaintiff's right to [choose] the forum is overcome."
In order to outweigh the plaintiff's right to choose the forum, "[t]he transferee forum must be 'significantly more convenient' than the forum in which the action is filed." Id., quoting Inre Oil Spill by "Amoco Cadiz" off Coast of France on March 16,1978, 491 F. Supp. 170, 176 (N.D.Ill. 1979).
There is no question that Jefferson County is a proper venue, but Auto-Owners and Insurance Facilities argue that Etowah County is a more convenient forum because the plaintiff lives there, Insurance Facilities does business there, the insurance policy that is the subject of the action was applied for and issued there, the burglary on which the claim is based occurred and was investigated by local police officers there, and other fact witnesses live there. The defendants argue that the only connection this case has with Jefferson County is that Auto-Owners does business there.
Clifton responds to this argument by saying that venue is proper and convenient in Jefferson County because Auto-Owners has its Alabama branch office there, the branch claims manager who oversees all claims in Alabama lives and works there, the field claims adjuster for Auto Owners assigned to Clifton's claim works out of the Jefferson County office, and the claim file maintained by Auto-Owners is kept in its Jefferson County office. Clifton also argues that she made her claim in Jefferson County to Auto-Owners' branch office and that the policy was not issued in Etowah County but rather out of Auto-Owners' Jefferson County office.
The burden was on the movants to prove to the trial judge that the right of the plaintiff to choose the forum was outweighed by the inconvenience to the parties. In Ex parteTownsend, this Court said, "[T]he burden is on the defendant to prove to the satisfaction of the trial court that the defendant's inconvenience and expense of defending *Page 437 
the action in the venue selected by the plaintiff are such that the plaintiff's right to [choose] the forum is overcome." 589 So.2d at 715. This Court has also said that the movants must prove that the transferee forum would be "significantly more convenient" than the forum in which the action is filed. Exparte Townsend, 589 So.2d at 715.
Applying those principles of law, we hold that the trial judge did not abuse his discretion in holding that the movants failed to prove to his reasonable satisfaction that Etowah County was "significantly more convenient" than Jefferson County, the forum chosen by the plaintiff.
The petition for a writ of mandamus is denied.
WRIT DENIED.
HORNSBY, C.J., and SHORES, HOUSTON, STEAGALL, INGRAM and COOK, JJ., concur.