665 So.2d 205 (1995)
Ex parte Roy L. BLOUNT, et al.
(In re Roy L. BLOUNT, et al. v. Larry Neil PHILLIPS, et al.).
1940589.
Supreme Court of Alabama.
June 30, 1995.
*206 Vaughan Drinkard, Michael Cumpton and N. Bruce Moseley of Drinkard, Ulmer & Hicks, Mobile, for petitioners.
Michael D. Knight of Hand, Arendall, Bedsole, Greaves & Johnston, L.L.C., Mobile, for Judge Partin, Larry Neil Phillips and SPX Corp., for respondents.
BUTTS, Justice.
Roy L. Blount, a resident of Baldwin County, petitions this court for a writ of mandamus directing the Circuit Court of Baldwin County to vacate its order transferring his personal injury action to the Madison County Circuit Court and to reinstate the action in the Baldwin County Circuit Court.
In September 1992, Blount's son, Roy Jr., was riding a bicycle down a Madison County roadway when he was hit by a truck driven by Larry Neil Phillips; Roy, Jr., died from the injuries he sustained in the accident. Phillips was driving the truck in the course of his employment with SPX Corporation. Blount brought a wrongful death action against Phillips and SPX Corporation in the Circuit Court of Baldwin County, seeking damages on theories of negligence and products liability. Blount also named as defendants the Murray Corporation, which had manufactured the bicycle, and Wal-Mart Corporation, which had assembled and sold the bicycle; he further alleged that he was entitled to benefits from Allstate Insurance Company, his uninsured/underinsured motorist insurance carrier. SPX Corporation and Phillips moved to transfer the action, based on § 6-3-7, Ala.Code 1975, to Madison County, where the injury occurred. The trial court granted that motion, and this petition ensued.
On review of an order transferring a case, a writ of mandamus will not be issued except upon a clear showing of error on the part of the trial court. Ex parte Auto-Owners Ins. Co., 630 So.2d 435 (Ala.1993). Blount argues that the trial court clearly misapplied case law in granting the motion to transfer and that he is entitled, as a matter of law, to have his claim reinstated in Baldwin County.

I.
There are three different types of defendants in this case, and venue as to each is covered under a separate statute. As to Phillips, an individual who was a resident of Jefferson County at the time of the accident and who is presently a resident of Indiana, § 6-3-2(a)(3), Ala.Code 1975, provides:
"[P]ersonal actions [such as the instant case] if the defendant or one of the defendants has within the state a permanent residence, may be commenced in the county of such residence, or in the county in which the act or omission complained of may have been done or may have occurred."
Under this statute, venue as to Phillips would be proper in Madison County, where the accident occurred, and not in Baldwin County. However, Rule 82(c), Ala.R.Civ.P., provides that where several claims or parties have been joined "the suit may be brought in *207 any county in which any one of the claims could properly have been brought." Accordingly, if venue for the claims against any one of the other parties is proper in Baldwin County, then venue for the claims against Phillips is also proper in Baldwin County, under Rule 82(c).
As to the appropriate venue for Blount's claim against his insurer, Allstate Insurance Company, § 6-3-5, Ala.Code 1975, provides, in pertinent part:
"Any person, firm or corporation that issues policies or certificates of insurance of any kind shall be subject to a civil action on any such policy or certificate in the county where the holder of the policy or certificates resides...."
Because Blount resides in Baldwin County, venue for his claim against Allstate is proper in that county.
As to SPX Corporation, Wal-Mart Corporation, and Murphy Corporation, which are foreign corporations, § 6-3-7, Ala.Code 1975, applies:
"[A]ll actions against a domestic corporation for personal injuries must be commenced in the county where the injury occurred or in the county where the plaintiff resides if such corporation does business by agent in the county of plaintiff's residence."
We note that, under Amendment 473 (amending § 232), Alabama Constitution of 1901, "any foreign corporation may be sued only in those counties where such suit would be allowed if said foreign corporation were a domestic corporation." Accordingly, this statute, § 6-3-7, applies to the foreign corporate defendants in this case.

II.
SPX Corporation argued to the trial court that, based on Ex parte Townsend, 589 So.2d 711 (Ala.1991), and Ex parte Graham, 634 So.2d 994 (Ala.1993), venue in a personal injury action against a foreign or domestic corporate defendant is proper only where the injury occurred. Blount claims that SPX Corporation's argument misinterprets these cases and that the trial court erroneously relied on this misinterpretation of case law in granting the motion to transfer. We agree.
In Ex parte Townsend, the plaintiffs were injured in Etowah County when the brakes on their truck failed. The plaintiffs resided in Etowah County, but sued in Jefferson County; the named defendants included individual residents of Etowah County, a domestic corporation doing business by agent in Jefferson County, and foreign corporations doing business by agent in Jefferson County. The individual defendants and one of the foreign corporate defendants moved to transfer the action to Etowah County, where the injury occurred, and the trial court granted the motion. The plaintiffs then petitioned this court for a writ of mandamus ordering the trial court to vacate its order.
In denying the mandamus petition, this Court analyzed the proper venue for corporate defendants in a personal injury case:
"Under Alabama Code 1975, § 6-3-7, a domestic corporation may be sued in any county in which it does business by agent or was doing business by agent at the time the cause of action arose.... However, this is an action for damages based on personal injuries. Section 6-3-7 contains the following provision with respect to actions based on personal injuries: `all actions against a domestic corporation for personal injuries must be commenced in the county here the injury occurred.' The injury occurred in Etowah County. Therefore, under the provisions of § 6-3-7, Etowah County is the only proper venue as to a domestic corporation in this personal injury action."
589 So.2d at 713 (emphasis added.) The Townsend opinion does not discuss § 6-3-7 in its entirety; rather, it focuses on only one of the two specific alternatives for venue that § 6-3-7 provides for personal injury actions against a corporate defendant. A thorough reading of Townsend clearly shows that a discussion of the second alternative for venue was unnecessary because it had no application to the case. The plaintiffs resided in Etowah County, where they did not wish to sue, and the second alternative was thus *208 irrelevant to their argument.[1] The Townsend Court thus properly concluded that, on the facts before it, the only proper venue was the place where the injury had occurred.
In Ex parte Graham, this Court again examined the meaning of the first provision for venue against a corporate defendant in a personal injury action. In Graham, an automobile purchaser commenced a personal injury action after he had been injured in an automobile accident that occurred in Baldwin County. He sued the automobile dealership, a domestic corporation, which he alleged had negligently repaired the automobile in Mobile County. The plaintiff also sued the manufacturer, which he alleged had defectively designed and manufactured the automobile. The plaintiff sued in Mobile County, where the dealer had performed the allegedly negligent repairs. On the defendants' motion, the trial court transferred the case to Baldwin County, where the accident occurred, and the plaintiff petitioned for a writ of mandamus to have the case moved back to Mobile County.
The sole issue on review in Graham was the meaning of the term "personal injury" for purposes of determining where a personal injury occurs. The plaintiff argued that the "injury" was the act complained of, i.e. the allegedly negligent repair of the vehicle, which had occurred in Mobile County, and that venue was therefore proper in that county. The defendants argued that the "injury" was the actual bodily injury that resulted from the accident in Baldwin County and that venue was, thus, proper in Baldwin County. This Court held that in cases involving actual bodily injury, the term "personal injury" in § 6-3-7 is the actual bodily injury and that venue would, thus, be proper in the county where the bodily injury occurred.
In its motion to transfer, SPX Corporation and Phillips argued that, according to Graham, the only proper venue in a personal injury case involving actual bodily injury is the place where the bodily injury occurred. In determining the meaning of the term "personal injury" in Graham, however, this Court in no way invalidated the second portion of § 6-3-7, which authorizes venue in the county where the plaintiff resides, if the corporation does business there. The parties in Graham did not include that portion of the statute in their argument, because the defendants in that case did not do business where the plaintiff resided.
The respective facts of Townsend and Graham limited those cases to a discussion of the first alternative provided by § 6-3-7 for venue for personal injury actions against corporate defendants. These cases have not revoked the second alternative by omission. We reemphasize that venue for a personal injury action against a corporate defendant is proper in either the county where the injury occurred or the county where the plaintiff resides, if the defendant does business in that county. Even more specifically, the application of § 6-3-7 to Blount's wrongful death action against SPX Corporation is best expressed in Ex parte W.S. Newell, Inc., 569 So.2d 725, 728 (Ala.1990), wherein we stated that "§ 6-3-7 simply requires that a wrongful death action, brought by the personal representative, be brought in the county where the injury occurred or in the county where the personal representative resides provided the corporation does business there."

III.
SPX Corporation argues in the alternative that Blount failed to present evidence before the trial court to show that any of the three corporate defendants does business in Baldwin County and concludes that venue is, thus, proper only in Madison County, where the injury occurred.
When a corporation asserts its constitutional privilege not to be sued in a county in which it is not doing business by agent, the trial court may properly transfer the entire action or may transfer the claim *209 against the foreign corporation to a county in which the defendant is amenable to suit. Ex parte Tidwell Industries, Inc., 480 So.2d 1201 (Ala.1985). SPX Corporation did not assert this constitutional privilege before the trial court, however, but relied instead on its mistaken interpretation of Graham and Townsend. It was not Blount's burden to prove that the defendants did business in Baldwin County, until the defendants first established as a basis for the transfer that they did not do business there. Because the defendants failed to carry their burden of proof, the burden never shifted to Blount.
We note that SPX Corporation argued before the trial court that even if Baldwin County is an appropriate venue, the action should be transferred for the convenience of the parties. The trial court's order clearly shows, however, that it did not grant the motion based on the doctrine of forum non conveniens, but rather, solely on the defendant's interpretation of Graham. The trial court, thus, held that, as a matter of statutory law, the proper venue was Madison County. Blount has demonstrated that this conclusion was erroneous and, because this was the only ground for the trial court's order, that order must be vacated.
We therefore grant the petition for the writ of mandamus. The Baldwin Circuit Court is directed to vacate its order transferring this action to Madison County and to reinstate the action in Baldwin County.
WRIT GRANTED.
HORNSBY, C.J., and SHORES, KENNEDY, INGRAM, and COOK, JJ., concur.
HOUSTON, J., concurs specially.
MADDOX and ALMON, JJ., concur in the result.
HOUSTON, Justice (concurring specially).
The trial court's order reads:
"Motion to transfer is granted on the authority of Ex parte Graham, 634 So.2d 994 (Ala.1993). The clerk is ordered to transfer the file to the Circuit Court of Madison County, Alabama."
Therefore, I assume that the trial court held that it was required to transfer on authority of Graham and that the trial court was not transferring pursuant to Ala.Code 1975, § 6-3-21.1. In voting to issue this writ, I do not vote to restrict the trial court in its determination whether to transfer this case for the convenience of the parties pursuant to Ala.Code 1975, § 6-3-21.1.
NOTES
[1] We note that the domestic defendants in Townsend did not do business in Etowah County and, thus, could not have been sued there under this second provision, even if the plaintiffs had wanted to sue them there. Moreover, Rule 82(c) does not apply to corporations, Ala.Code 1975, § 6-3-7, and, thus, would not have operated to join the corporate defendants to the individual defendants for whom venue was proper in Etowah County.