675 So.2d 856 (1996)
Ex parte The PRUDENTIAL INSURANCE COMPANY OF AMERICA.
Ex parte Elaine KATZ.
(In re Jimmy M. WALL v. The PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al.)
1941037, 1941038.
Supreme Court of Alabama.
February 9, 1996.
Rehearing Denied May 3, 1996.
*857 Forrest S. Latta and James W. Lampkin II of Pierce, Carr, Alford, Ledyard & Latta, P.C., Mobile, and E. Clark Summerford of Zeanah, Hust, Summerford & Davis, L.L.C., Tuscaloosa, for Prudential Ins. Co. of America.
Charles H. Clark, Jr. and Gregory L. Schuck of Huie, Fernambucq & Stewart, Birmingham, for Elaine Katz.
Robert G. Methvin, Jr. and Archie C. Jones, Jr. of Gaiser & Associates, Birmingham, and J.L. Chestnut, Jr. of Chestnut, Sanders, Sanders & Pettaway, Selma, for Jimmy Wall and Judge Eddie Hardaway.
PER CURIAM.
The defendants, Elaine Katz and The Prudential Insurance Company of America, petition this Court for a writ of mandamus directing Judge Eddie Hardaway, Jr., of the Greene Circuit Court to transfer Jimmy Wall's action against them to the Tuscaloosa Circuit Court.
Wall purchased an insurance policy from Prudential, through its agent Katz in 1983. The sale of the policy occurred in Tuscaloosa County. That insurance policy and the occurrences leading to its purchase by Wall form the basis of his lawsuit. In October 1994, Wall filed a complaint against Prudential, Katz, and several fictitiously named defendants in the Tuscaloosa Circuit Court. That complaint alleged two counts of fraud. Wall later moved for a voluntary dismissal of the complaint; that motion was granted. In December 1994, Wall filed another complaint in the Greene Circuit Court against the same defendants. His second complaint was substantially similar to the first, but added a breach of contract claim against Prudential.
Prudential and Katz filed motions to have the action dismissed for improper venue or, alternatively, to have it transferred to the Tuscaloosa Circuit Court. Both defendants argued that under Ala.Code 1975, §§ 6-3-2(a)(3) and 6-3-5, venue in the action is proper only in Tuscaloosa County. Katz also argued that the action should be transferred to the Tuscaloosa Circuit Court on the basis of the forum non conveniens statute, Ala. Code 1975, § 6-3-21.1, alleging that she had severe health problems that would prevent her from litigating the action in Greene County. Judge Hardaway denied the motions for dismissal and likewise denied the motions for transfer; hence, these petitions for a writ of mandamus.
A petition for a writ of mandamus may be used as a means to challenge a trial judge's refusal to transfer a case to another county. Ex parte Blount, 665 So.2d 205 (Ala.1995); Ex parte Kennedy, 656 So.2d 365 (Ala.1995); Ex parte Alabama Power Co., 640 So.2d 921 (Ala.1994). However, this Court will not grant the petition "unless the petitioner makes a clear showing that the trial court erred in refusing the transfer." Ex parte Kennedy, 656 So.2d at 367.

*858 I.
It is undisputed that both the plaintiff Wall and the defendant Katz reside in Tuscaloosa County. It is also undisputed that all the transactions and occurrences leading to the sale of the policy by Prudential to Wall took place in Tuscaloosa County. Finally, it is undisputed that Prudential is a foreign corporation doing business in Tuscaloosa County, Greene County, and other Alabama counties. These facts must be applied to the statutes controlling venue for the claims alleged in Wall's complaint in order to determine whether venue is proper in Greene County, or, as the petitioners contend, is proper only in Tuscaloosa County.
Additionally, under Rule 82(c), Ala. R.Civ.P., "[w]here several claims or parties have been joined, the suit may be brought in any county in which any one of the claims could have properly been brought." When Rule 82(c) is applicable, venue is proper for all defendants in any county where it is proper for any claim against one defendant. Accordingly, venue is proper for all the claims against these petitioners in any county where it is proper for any one claim against either of the petitioners.

II.
Wall has alleged fraud claims and a breach of contract claim against Prudential. We first discuss the issue of venue as to the breach of contract claim. The petitioners argue that venue for this claim is controlled solely by Ala.Code 1975, § 6-3-5(a), and, given the effect of Amendment 473 of the Alabama Constitution of 1901, they say that venue for Wall's breach of contract action is proper only in Tuscaloosa County, where Wall resides.
Ala.Code 1975, § 6-3-5(a), states:
"Any person, firm or corporation that issues policies or certificates of insurance of any kind shall be subject to a civil action on any such policy or certificate in the county where the holder of the policy or certificate resides, and the summons may be executed by serving a copy of the summons and complaint upon any officer or agent of the insurer; provided, however, that an action against a foreign insurance corporation shall be commenced only in a county where it does business."
In 1988, § 232 of the Alabama Constitution of 1901 was amended by Amendment 473. That amendment states, in relevant part:
"Any foreign corporation, whether or not such corporation has qualified to do business in this state by filing with the secretary of state a certified copy of its articles of incorporation or association, may be sued only in those counties where such suit would be allowed if the said foreign corporation were a domestic corporation."
We note, however, that Ala.Code 1975, § 6-3-7, also provides venue for claims against corporations:
"A foreign corporation may be sued in any county in which it does business by agent, and a domestic corporation may be sued in any county in which it does business by agent or was doing business by agent at the time the cause of action arose; provided, that all actions against a domestic corporation for personal injuries must be commenced in the county where the injury occurred or in the county where the plaintiff resides if such corporation does business by agent in the county of the plaintiff's residence."
The petitioners argue that when a claim alleges a breach of an insurance contract, venue for that claim is controlled exclusively by § 6-3-5(a) and that § 6-3-7 has no effect. In response, Wall argues that § 6-3-5(a) is not the exclusive venue provision for such claims. He argues that § 6-3-7 applies to breach of contract claims against insurers and that § 6-3-5(a) is meant only to provide an extra or additional venue where such claims may be brought.
As this Court noted in Ex parte New England Mut. Life Ins. Co., 663 So.2d 952, 955 (Ala.1995), "no provision in § 6-3-7, Ala. Code 1975, states that it shall govern personal injury actions against insurers and that all insurance contract actions are governed exclusively by § 6-3-5." Thus, we conclude that the venue for claims on insurance policies provided for by § 6-3-5(a) is supplemental to that provided for by § 6-3-7.
*859 Accordingly, because Prudential does business in Greene County, venue as to Wall's breach of contract claim is clearly proper in Greene County under § 6-3-7, and we will not address the issue of venue under § 6-3-5(a). Moreover, given the effect of Rule 82(c), Ala.R.Civ.P., because venue is proper in Greene County for Wall's breach of contract claim against Prudential, it is also proper in that circuit for Wall's fraud claims against Prudential and Katz.

III.
Katz also argues that this action should be transferred to Tuscaloosa County "for the convenience of parties and witnesses," pursuant to Ala.Code 1975, § 6-3-21.1, because, she says, she suffers from health problems that would be adversely affected by having to litigate this action in Greene County rather than in Tuscaloosa County, where she resides. She contends that the trial court erred in denying her motion to transfer this action to Tuscaloosa County.
Whether to grant or deny a motion to transfer an action to another county based on § 6-3-21.1 is within the sound discretion of the trial court. Ex parte Townsend, 589 So.2d 711 (Ala.1991); Ex parte Canady, 563 So.2d 1024 (Ala.1990). The trial court will give deference to the plaintiff's choice of venue, and, in order to justify a transfer, the party seeking the transfer has the burden of proving that trial in the other county would be significantly more convenient than trial in the county in which the action was filed. Ex parte Bloodsaw, 648 So.2d 553 (Ala.1994); Ex parte Alabama Power Co., supra; Ex parte Auto-Owners Ins. Co., 630 So.2d 435 (Ala.1993); Ex parte Townsend, supra.
Wall argues that the trial court did not abuse its discretion in denying Katz's motion for transfer and that Katz has not met her burden of showing that litigation in Tuscaloosa County would be significantly more convenient than litigation in Greene County. He notes that Greene County is contiguous with Tuscaloosa County, where Katz resides. Wall contends that the affidavit signed by Katz's doctor stating that the doctor believes travel to Greene County would be detrimental to Katz's health is insufficient to meet Katz's burden, because, he says, the affidavit does not state that it would be significantly more convenient for her to litigate in Tuscaloosa County. Wall argues that Katz's traveling an additional 35 miles by automobile to the Greene County courthouse, when she would also have to travel by automobile from her residence in Northport to the Tuscaloosa County courthouse in Tuscaloosa if the case were transferred to Tuscaloosa County, is only a slight inconvenience when weighed against his right as plaintiff to choose his forum.
The only evidence before us in support of Katz's motion for transfer pursuant § 6-3-21.1 is the affidavit of her treating physician stating that she must keep a minimal activity level and that travel to Greene County would be detrimental to her health. However, as Wall notes, the affidavit does not state that it would be more detrimental to her to travel to the courthouse in Greene County than to travel to the courthouse in Tuscaloosa. We conclude that Katz has failed to meet her burden of showing that it would be significantly more convenient to litigate this action in Tuscaloosa County. The trial court did not abuse its discretion in denying her motion.

IV.
We conclude that the trial court correctly denied the petitioners' motions to have the action dismissed for improper venue or, alternatively, to have it transferred to the Tuscaloosa Circuit Court. The petitioners have not shown a clear legal right to have the action transferred to the Tuscaloosa Circuit Court. Thus, we deny the writ of mandamus.
WRIT DENIED.
ALMON, SHORES, INGRAM, and BUTTS, JJ., concur.
COOK, J., concurs in the result.
HOOPER, C.J., and MADDOX, HOUSTON, and KENNEDY, JJ., dissent.
*860 MADDOX, Justice (dissenting).
See my dissenting opinion in Ex parte Mary L. Gauntt, [Ms. 1940591, February 9, 1996] ___ So.2d ___, at ___ (Ala.1996).
HOUSTON, Justice (dissenting).
See my dissent on application for rehearing in Ex parte Gauntt, [Ms. 1940591, February 9, 1996] ___ So.2d ___ (Ala.1996) (Houston, J., dissenting).
HOOPER, C.J., concurs.