RUSSELL, Judge.
This case involves a petition for writ of mandamus.
Dwight Washburn (petitioner) filed an action against SouthTrust Bank of Alabama (respondent) as the assignee of contract rights formerly held by Eastwood Ford, Inc. The petitioner’s action was for damages or rescission of a sale involving his purchase of an allegedly defective automobile. The action was originally filed in the Circuit Court of Marion County on January 27, 1989. The respondent then filed its motion to dismiss or, in the alternative, to transfer the action to the Tenth Judicial Circuit, Jefferson County Division. The motion to transfer was granted on May 3, 1989.
The petitioner seeks a writ of mandamus vacating the trial court’s order granting the motion to transfer. We deny the writ.
The dispositive issue is whether the trial court abused its discretion in granting the respondent’s motion to transfer. At the outset, we note that mandamus is a drastic and extraordinary remedy to be issued only where there exists (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court. Barber v. Covington County Commission, 466 So.2d 945 (Ala.1985). While mandamus may issue to compel the trial court to exercise its discretion, it may not issue to control or review the exercise of such discretion absent a showing of abuse. Ex parte Smith, 533 So.2d 533 (Ala.1988).
Additionally, § 6-3-21.1, Ala.Code 1975, provides that a trial court may, within its discretion, transfer venue to another court of general jurisdiction in which the action might have been properly filed if it determines that it would be more convenient for the parties or the witnesses, or it would be in the best interest of justice to do so. See Ex parte Edgar, 543 So.2d 682 (Ala.1989). We further recognize that the burden of establishing just cause for a change of venue rests with the movant. See Ex parte Reliance Insurance Co., 484 So.2d 414 (Ala.1986).
The petitioner asserts that the respondent failed to meet this burden and that, consequently, the trial court erred in granting the respondent’s motion to transfer venue. He cites Plum Tree, Inc. v. Stockment, 488 F.2d 754 (3rd Cir.1973), for the proposition that, in order to satisfy his burden of proof, the movant must support his motion with some documentation that would tend to establish the necessary elements for transfer. That case involved the federal forum non conveniens statute, 28 U.S.C. § 1404(a) (1982), which is virtually identical to the Alabama provision.
*319 That case is distinguishable, however, from the present action in that the petitioner in Plum Tree filed a lengthy brief in opposition to the motion to transfer and the respondent then failed to present further evidence. In this case, the record does not reflect that the petitioner filed any response to the respondent’s motion that would necessitate that the respondent present evidence in support of its contentions.
The respondent’s motion averred that the contract which is the subject matter of this dispute was executed in Jefferson County. It further stated that all business records related to the transaction are also located in that county. Under these circumstances there is no doubt that this action could have properly been filed in Jefferson County. Ala.Code 1975, § 6-3-7.
Consequently, we find that the trial court did not abuse its discretion in granting the respondent’s motion to transfer. The petitioner’s request for the issuance of a writ of mandamus vacating the May 3, 1989, order of the trial court is hereby denied.
WRIT DENIED.
INGRAM, P.J., and ROBERTSON, J., concur.