Bertha Johnson, as administratrix of the estate of Larry Johnson, Jr., filed a wrongful death action seeking damages against CSX Transportation, Inc. (CSX), and Joel A. Barnett, the operator and the engineer of a train that struck a motor vehicle in which Larry Johnson, Jr., was traveling. Larry Johnson, Jr., was killed in the collision; the collision occurred on October 29, 1992, in Calera, Shelby County, Alabama. Mrs. Johnson filed her action in Jefferson County; she petitions this Court for a writ of mandamus directing the Honorable Claude Hughes, judge of the Circuit Court of Jefferson County, to vacate his order transferring the case to Shelby County. We grant her petition.
Mrs. Johnson filed her complaint on July 15, 1993. The complaint alleges that Barnett, a material defendant, is a resident of Jefferson County. On August 12, 1992, the defendants moved to transfer the cause to the Circuit Court of Shelby County. Judge Hughes granted their motion, without a hearing. On September 1, 1993, Mrs. Johnson filed a motion to set aside the transfer order; that motion was denied. She then petitioned this Court for a writ of mandamus directing Judge Hughes to vacate the transfer order.
Mandamus is an extraordinary remedy requiring a showing that there is: "(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte Edgar, 543 So.2d 682, 684 (Ala. 1989);Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala. 1991).
In 1987, the Alabama legislature adopted the doctrine offorum non conveniens. Section 6-3-21.1, Ala. Code 1975, provides:
 "(a) With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein. . . ."
This court rejected a constitutional challenge to that statute in Ex parte Southern Ry., 556 So.2d 1082 (Ala. 1989). The standard of review applicable to a trial court's order transferring a case pursuant to the statute is whether the trial court abused its discretion. Ex parte Smith,533 So.2d 533 (Ala. 1988).
Bertha Johnson maintains that there are a number of reasons that her petition for the writ of mandamus should be granted. She argues that venue was proper in Jefferson County and that, as the plaintiff, she has the right to choose the forum and that the defendant has the burden of proving that the case should be transferred. She contends that the defendants made no showing that Shelby County was more convenient than Jefferson County, and she points out that, in fact, Judge Hughes held no hearing before issuing the transfer order. Mrs. Johnson states that while some of the parties to this action are residents of Shelby County and *Page 774 
while the accident occurred there, a material defendant resides in Jefferson County, all of the lawyers involved in this case live there, and CSX does business in Jefferson County; therefore, she argues, Jefferson County would be a more convenient forum.
The defendants contend that the trial court did not err in granting the motion to transfer. They point out that the accident occurred in Shelby County, that the plaintiff lives there, and that CSX does business by agent in Shelby County, and they argue that an opportunity for a jury to view the accident scene would be lost if the case is tried in Jefferson County.
We must consider whether Judge Hughes abused his discretion in transferring this case on the basis of Alabama's forum nonconveniens statute.
We note at the outset that the judge should weigh the plaintiffs right to choose the forum and should give deference to that choice:
 "The trial court should grant a motion to transfer on the ground that another venue is more convenient to the parties only when it is convinced that the right of the plaintiff to choose the forum is outweighed by the inconvenience to the parties. In order to make that determination the trial court may order a hearing at which the burden is on the defendant to prove to the satisfaction of the trial court that the defendant's inconvenience and expense of defending the action in the venue selected by the plaintiff are such that the plaintiff's right to chose the forum is overcome."
Ex parte Townsend, 589 So.2d 711, 715 (Ala. 1991). In addition, the forum to which the case is transferred must be " 'significantly more convenient' than the forum in which the action is filed, as chosen by the plaintiffs, to justify transfer. In re Oil Spill by 'Amoco Cadiz' off Coast of Franceon March 16, 1978, 491 F. Supp. 170, 176 (N.D.Ill. 1979)." Id.
In this case, the motion to transfer was issued on a motion that was not verified and to which the defendants attached no supporting evidentiary material. The burden of proof was on the movants. The unverified allegations presented by the defendants were insufficient to prove that the defendants' inconvenience and expense in defending the action in the venue selected by the plaintiff are so great as to overcome the plaintiff's right to choose the forum. Ex parte Edgar, 543 So.2d 682, 685 (Ala. 1989). The plaintiff chose to sue in Jefferson County, the residence of a material defendant.
For the reasons stated above, the writ of mandamus is due to be issued directing Judge Hughes to vacate the order transferring the case to Shelby County, and to hold a hearing at which CSX will have the burden of showing that the inconvenience of holding the trial in Jefferson County overcomes the plaintiffs choice of forum.
WRIT ISSUED.
HORNSBY, C.J., and MADDOX, ALMON, HOUSTON, STEAGALL, KENNEDY, INGRAM and COOK, JJ., concur.