Hazel Bloodsaw filed a bad faith refusal to pay action against United Insurance Company of America and its subsidiary, Union National Life Insurance Company (hereinafter collectively referred to as "United"), in the Macon County Circuit Court. United removed the case to the United States District Court for the Middle District of Alabama. That Court remanded the case to the Macon County Circuit Court. United then moved to transfer the case to Elmore County, pursuant to the Alabama forum non conveniens statute, Ala. Code 1975, § 6-3-21.1; the Macon County Circuit Court granted that motion. Bloodsaw then petitioned this Court for a writ of mandamus directing the Macon County Circuit Court to vacate its order transferring the case to Elmore County. On March 8, 1994, this Court directed the Macon County Circuit Court to enter an order in accordance with Exparte Johnson, 638 So.2d 772 (Ala. 1994). The Macon County Circuit Court held a hearing and then entered another order transferring the case to the Elmore County Circuit Court. Bloodsaw contends that the Macon County Circuit Court abused its discretion in transferring her case to the Elmore County Circuit Court and asks this Court to direct the Macon County Circuit Court to vacate its order transferring her case.
The writ of mandamus is an extraordinary writ that applies "where a party seeks emergency and immediate appellate review of an order that is otherwise interlocutory and not appealable." Rule 21(e)(4), Ala.R.Civ.P. In order for this Court to issue a writ of mandamus, the petitioner must show that there is: "(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala. 1991). *Page 555 
It is undisputed that United is a foreign corporation based in Chicago, Illinois; Union, a subsidiary of United, has its headquarters in Baton Rouge, Louisiana. Union was purchased by United in 1991. Bloodsaw, a resident of Elmore County, was a Union health insurance policyholder; the Union policy was assumed by United after United purchased Union. Bloodsaw produced witnesses who testified that they had sold United insurance policies in Macon County. Because United conducted business in Macon County, Bloodsaw contends that Macon County is a proper venue for her bad faith insurance action, pursuant to Ala. Code 1975, § 6-3-5. Bloodsaw further argues that United has not adequately shown that it would be inconvenienced by trying the case in Macon County.
United contends that Elmore County is a proper forum because it conducted business there as well as in Macon County. United asserts that it would be inconvenient for it to try the case in Macon County. United has shown that its Alabama regional office and legal counsel are in Jefferson County and that its regional manager lives in Shelby County. United has also shown that there are no documents in Macon County that would pertain to Bloodsaw's action and that certain witnesses important to the case reside in Elmore County. United contends that it would be more convenient to travel to Elmore County for the litigation and that there is no connection between Bloodsaw's case and Macon County "other than the fact that [United has] conducted unrelated business by agent in that county."
Alabama Code 1975, § 6-3-5(a), provides:
 "Any person, firm or corporation that issues policies or certificates of insurance of any kind shall be subject to a civil action on any such policy or certificate in the county where the holder of the policy or certificate resides, and the summons may be executed by serving a copy of the summons and complaint upon any officer or agent of the insurer; provided, however, that an action against a foreign insurance corporation shall be commenced only in a county where it does business."
Alabama Code 1975, § 6-3-21.1(a), provides:
 "With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein."
To begin our discussion, we must first note that the trial court should give deference to the plaintiffs proper choice of venue. The trial court should not grant a motion to transfer an action pursuant to § 6-3-21.1 unless the forum to which the case is to be transferred is " ' "significantly more convenient" than the forum in which the action is filed, as chosen by the plaintiffs, to justify transfer.' " Ex parteJohnson, supra, at 774, quoting Ex parte Townsend,589 So.2d 711, 715 (Ala. 1991). This Court thoroughly addressed this issue in Ex parte Johnson and stated:
 " 'The trial court should grant a motion to transfer on the ground that another venue is more convenient to the parties only when it is convinced that the right of the plaintiff to choose the forum is outweighed by the inconvenience to the parties. In order to make such a determination, the trial court may order a hearing, at which the burden is on the defendant to prove to the satisfaction of the trial court that the defendant's inconvenience and expense of defending the action in the venue selected by the plaintiff are such that the plaintiff's right to choose the forum is overcome.' "
Ex parte Johnson, 638 So.2d at 774, quoting Ex parte Townsend, 589 So.2d at 715. A party who moves for a change of venue for the sake of the "convenience of parties and witnesses" or for the "interest of justice" has the burden of proof as to these issues. Ex parte Ford Motor Credit Co., 561 So.2d 244
(Ala.Civ.App. 1990). In ascertaining whether a forum is inconvenient under Ala. Code 1975, § 6-3-21.1, the trial court should consider any matter useful in determining the " 'degree of actual difficulty and hardship that would result to the defendant in litigating the *Page 556 
case in the forum chosen by the plaintiff.' " Ex parte AlabamaPower Co., 640 So.2d 921 (Ala. 1994), quoting Ex parteBen-Acadia, Ltd., 566 So.2d 486, 488 (Ala. 1990).
In this case, both Macon County and Elmore County are proper forums for this case, pursuant to Ala. Code 1975, § 6-3-5. United is a foreign insurance company that conducts business in both counties; therefore, Bloodsaw could have chosen either of these counties. She could have chosen any other Alabama county in which United conducts business. However, Bloodsaw chose Macon County as the forum for her case; therefore, it was United's burden to prove that Elmore County is "significantly more convenient" than Macon County. Ex parte Ford Motor CreditCo., supra; Ex parte Johnson, supra.
We find that United failed to prove that Elmore County is a significantly more convenient forum for the parties than Macon County. Although two of Bloodsaw's witnesses reside in Elmore County, both testified that they would voluntarily appear in Macon County for trial. As for United's contentions that travel would be inconvenient to Macon County, we are unconvinced that it would be significantly less convenient to travel to Tuskegee, the Macon County seat, than to Wetumpka, the Elmore County seat; Elmore and Macon Counties are contiguous. As for United's assertion that the case is unrelated to Macon County, we note that the only relationship Ala. Code 1975, § 6-3-5, requires is that the foreign insurance corporation conducts business in that county; if it does, that county is a proper forum. United has simply not proved any factors that would significantly affect the convenience of the parties. Further, United has not shown that the "interest of justice" demands that the action be transferred to Elmore County.
Notwithstanding the principles discussed above, the trial court appears to have based its transfer order partly on this conclusion:
 "Sound management and sound policy require that trial courts be given a certain amount of discretion to utilize the doctrine of forum non conveniens so that courts such as the Circuit Court of Macon County do not become overloaded with cases because of the undesirable practice of forum shopping which is openly engaged in at the present time by the Bar. . . . There is no sound policy which supports the conclusion that the Circuit Court of Macon County should entertain the present suit. Defendants such as the defendant in the present case should not be subjected to litigation of all possible claims that can be filed against it in the most undesirable forum available."
The trial court appears to have misconstrued the pronouncement by this Court in Ex parte Johnson, supra, and Ex parteTownsend, supra, as to the application of the forum non conveniens statute.
The simple conclusion is that United did not prove that Bloodsaw's right to choose Macon County as the forum for her case is outweighed by the inconvenience of trying the case in that county. Ex parte Johnson, supra. Therefore, we conclude that the trial court abused its discretion in transferring this case from Macon County. Bloodsaw has a clear legal right to the relief she seeks. Ex parte Alfab, Inc., supra. For the reasons stated above, Bloodsaw is entitled to a writ directing the Macon County Circuit Court to vacate its order transferring this case to the Elmore County Circuit Court.
WRIT GRANTED.
ALMON, SHORES, STEAGALL and KENNEDY, JJ., concur.