KENNEDY, Justice.
Donnell Trucking Company seeks a writ of mandamus ordering the Jefferson Circuit Court to dismiss the action against it in Jefferson County, or, in the alternative, to transfer the action to Coffee County.
On October 26, 1991, Jena Brown was injured when her automobile collided with a track owned by Donnell Tracking Company, Inc., in Coffee County, Alabama. On February 25, 1992, Brown’s parents sued Donnell in Coffee County, seeking compensatory and punitive damages.
Donnell was insured by Great American Insurance Company. On November 2, 1992, Great American Insurance Company sued Jena Brown in the Jefferson County Circuit Court for subrogation as to a property damage claim it had paid to Donnell for damage to Donnell’s truck. Donnell was also named as a plaintiff in the action. However, Donnell disputes whether it was a proper party to this action; it claims that the action was filed without its knowledge, consent, or ratification.
On February 12, 1993, Jena Brown moved to dismiss the Jefferson County action, arguing that Jefferson County was not a proper venue and that Great American Insurance Company should have filed its claim as a compulsory counterclaim in the Coffee County action. The Jefferson Circuit Court never ruled on Brown’s motion.
On August 2, 1993, Jena Brown moved to dismiss the Coffee County action, so as to avoid the unnecessary cost and wasted time in handling these two actions in separate venues. At the same time, Jena Brown filed a counterclaim against Donnell and Great American Insurance Company in Jefferson County, seeking damages for personal injury. The Coffee Circuit Court dismissed the action pending in that court.
On August 10,1993, Donnell filed a motion asking the Coffee Circuit Court to set aside the order dismissing the Coffee County action. The court denied that motion, after a hearing, in September 1993.
On October 8, 1993, the Jefferson Circuit Court set its action for trial on June 13,1994. On February 22,1994, Donnell filed a motion to dismiss the action in Jefferson County, or, in the alternative, to transfer it to Coffee County. The trial court denied the motion. Donnell seeks a writ of mandamus ordering the Jefferson Circuit Court to set aside that denial and to grant the motion to dismiss or transfer.
A writ of mandamus is an extraordinary remedy, to be issued only where the movant has a clear and indisputable right to the order sought, where there is an imperative duty upon the respondent to perform, accompanied by refusal to do so, where there is a lack of another adequate remedy, and where there is properly invoked jurisdiction of the court. Ex parte Johnson, 638 So.2d 772 (Ala.1994).
Although Donnell may have known of the Jefferson County action earlier, it is undisputed that Donnell knew of the Jefferson County action when Brown moved to dismiss the Coffee County action and filed a counterclaim in the Jefferson County action on August 2, 1993. On August 10, 1993, Donnell filed a motion to vacate the dismissal; that motion was denied in September 1993, following a hearing. At that point, Donnell failed to appeal or to seek some other remedy. Even after the Jefferson Circuit Court’s action of October 8,1993, setting the case for *921 trial, Donnell still took no action. Donnell took no action toward securing a dismissal or a transfer until February 22, 1994. Donnell, by its delay, caused the other parties to incur additional expenses. Based on its own failure to timely act, Donnell is estopped from now seeking a writ of mandamus.
WRIT DENIED.
HORNSBY, C.J., and ALMON, SHORES, and COOK, JJ., concur.