I concur in the result reached by the majority, which vacates the trial judge's class certification, because I believe the trial judge abused his discretion in permitting an amendment to the complaint more than three years after the case was filed, and after the case had been set for trial and numerous depositions had been taken.
I must respectfully dissent from the failure to address the venue issue. On August 16, 1993, Russell Lands, Inc., and the City of Alexander petitioned this Court for a writ of mandamus requiring the trial judge to transfer the cause to Tallapoosa County. This Court granted the petition in part, but denied it in part, holding that venue was proper in Jefferson County as to Russell Lands, Russell Mills, Avondale Mills, and Alabama Power Company, but that as to Alexander City, the proper venue was Tallapoosa County. Ex parte AlabamaPower Co., 640 So.2d 921 (Ala. 1994). The plaintiffs then dismissed Alexander City as a defendant, on February 15, 1994, and on July 6, 1994, Alabama Power Company petitioned this Court for a writ of mandamus compelling the trial judge to permit it to file a third-party complaint against Alexander City. This Court denied the petition on August 2, 1994.
It is undisputed that the plaintiffs bought real property located in Tallapoosa County and that the subject matter of their action involves actions allegedly done in Tallapoosa County. In view of that fact, it would seem that the present petitioners have shown a clear legal right to have the action transferred to Tallapoosa County.
In Ex parte Alabama Power Co., this Court correctly held that the proper venue for a claim against Alexander City was Tallapoosa County, relying on § 6-3-11, Ala. Code 1975. That statute provides:
 "The venue for all civil actions for damages for personal injury death, or property damage filed against a county or against a municipality shall be in the county or in the county within which the municipality is located or in the county in which the act or omission complained of occurred."
The Court also noted that "[v]enue was proper in Jefferson County as to Russell Lands, Russell Mills, Avondale Mills, and Alabama Power Company." Id., 640 So.2d at 923. It is undisputed that immediately after our ruling in Ex parteAlabama Power Co. the plaintiffs voluntarily dismissed Alexander City as a defendant, even though Alexander City was, and still is, the only entity alleged to be discharging waste water into Lake Martin. It seems undisputed that Alexander City was dismissed as a party solely for the purpose of maintaining this action in Jefferson County.[5]
The only issue presently before this Court pertaining to venue is whether the trial court's class certification requires this Court to revisit its earlier denial of a similar request, in which the defendants had argued that "[p]laintiffs' counsel owe[s] an obligation to the prospective class members to re-examine the venue issue and to allow this case to proceed in the venue which is most convenient to the class as a whole." Verified Motion to Stay Proceedings Pending Ruling *Page 967 
on Russell Avondale's Motion to Transfer, Petitioners' Exhibit 42, p. 3, citing Koster v. Lumbermens Mutual Cas. Co.,330 U.S. 518, 524, 67 S.Ct. 828, 831-32, 91 L.Ed. 1067 (1947);Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987), cert.denied, 485 U.S. 993, 108 S.Ct. 1302, 99 L.Ed.2d 512 (1988);Burstein v. Applied Extrusion Technologies, Inc., 829 F. Supp. 106,111 (D.Del. 1992). The petitioners argue in their petition, at p. 31:
 "Alabama Code section 6-3-21.1, which codifies the doctrine of forum non conveniens, is virtually identical to 28 U.S.C. § 1404(a), the federal venue transfer statute. See Ex parte Washburn, 567 So.2d 317, 318 (Ala.Civ.App. 1990). This Court has repeatedly cited to federal case law in interpreting and applying Section 6-3-21.1. See, e.g., Ex parte Townsend, 589 So.2d 711, 714-15
(Ala. 1991); Ex parte Johnson, 638 So.2d 772, 774
(Ala. 1994)."
The petitioners further argue:
 "A consideration of the class treatment factors, and the new plaintiff class, coupled with the following undisputed record evidence in this case mandates the transfer of this action to the Circuit Court of Tallapoosa County:
 "1. Virtually all of the class members, including all named plaintiffs (except June Brand), reside in Tallapoosa County and none reside in Jefferson County (Depositions of Joe Sullivan, p. 6; Stella Gould, p. 7: Tommy Gould, p. 5; Bill Brand, p. 5; Richard Brand, p. 6; Terri Brand, p. 5; Darnell Sullivan, pp. 15-16, Exhibit 11).
 "2. All of the real property which is the subject of the claims asserted in this action is in Tallapoosa County (Kelley Aff. Exhibit 12; Smith Aff., Exhibit 51).
 "3. At least twenty-six (26) members of the class have affirmed on oath that if they were to elect, or were forced, to participate in this action, they would prefer that trial of this case be held in Tallapoosa County, No class members other than the named plaintiffs have expressed a preference for Jefferson County. (Exhibits 38; 12.)
 "4. Due to the individual nature of claims, including mental anguish and nuisance, all class members will have to attend and testify at trial. A trial of this case will very likely take three weeks or more. (McWhorter Aff., Exhibit 5.) Therefore, conducting this litigation in Jefferson County exclusively on behalf of a Tallapoosa County plaintiff class will cause a significant inconvenience to those class members. The Raintree Subdivision is approximately 75 miles from the Jefferson County Courthouse, but Raintree is only approximately 5 miles from the Tallapoosa County Courthouse in Alexander City. (Hymer Aff., Exhibit 50.)
 "5. All relevant events, including all alleged trespasses and nuisances, concerning the plaintiffs' claims, and all damages, if any occurred in Tallapoosa County.
 "6. The Russell and Avondale facilities relating to this action and Alexander City's Sugar Creek Plant are all located in Tallapoosa County (Tuggle Aff., Exhibit 9; Chieves Aff., Exhibit 52).
 "7. The portions of Lake Martin relating to this action are in Tallapoosa County (Tuggle Aff., Exhibit 9).
 "8. Defendants will request various viewings in order for the jury to render a fair verdict in this case, including a viewing of the plaintiffs' properties, a viewing of the operations of the Sugar Creek Properties, a viewing of the operations of the Sugar Creek Plant, and a viewing of the water conditions around the Raintree Subdivision in comparison with other areas of Lake Martin. All such viewings could take place, as a practical matter, only if the trial were held in Tallapoosa County. (McWhorter Verification attached to Conditional Motion to Transfer, Exhibit 39.)
 "9. All parties have heretofore designated expert witnesses, none of whom reside or maintain an office in Jefferson County.
 "10. The large majority of potential witnesses — including the named plaintiffs (except June Brand), other Raintree residents, and virtually all other potential fact witnesses in this case — reside in Tallapoosa County. A trial in Jefferson County, as compared with a trial in Tallapoosa County, necessarily will entail much more time and expense relating to attendance of fact *Page 968 
witnesses. (McWhorter Verification, Exhibit 39; Chieves Aff., Exhibit 52.)"
Even though we now vacate the trial court's class certification, I still believe that we should revisit our ruling as to venue and the question whether Alexander City is a necessary party to this action. Rule 19(a), Ala. R. Civ. P., provides:
 "A person who is subject to jurisdiction of the court shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring. double multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action."
(Emphasis added.) The last sentence of Rule 19(a) states that if the party to be joined would render venue improper then that party shall be dismissed. This is not the case here. This Court has already held that venue would be proper for this action in Tallapoosa County with Alexander City as a party. In fact, it appears to me that the only reason Alexander City was dismissed was to maintain venue in Jefferson County.
The Rules of Civil Procedure should be construed to assure the just, speedy, and inexpensive resolution of every case on its merits. See Rule 1, Ala. R. Civ. P. I further believe that the trial court abused its discretion in not adding Alexander City as a necessary third-party defendant,[6] on the grounds that Alexander City is the only entity discharging waste and may be liable for indemnification as to one or all of the present defendants. Regardless of our determination on the class certification issue, the venue issue was properly raised and presented to this Court and, even though it was hinged on the class action certification, I believe that we should reconsider our previous holding; therefore, I must respectfully dissent from the failure to do so.
SEE, J., concurs.
[5] The petitioners state in their petition that "[t]he plaintiffs have acknowledged that the dismissal of the city was not based upon any consideration of the merits of the claims against the City, but was done solely to maintain venue in Jefferson County. (Mrs. Sullivan, p. 35; Mr. Gould, p. 26, Exhibit 11)." Petition at p. 5.
[6] Rule 14(a), Ala. R. Civ. P.; see, also, the 1973 commentary to Rule 14, which reads:
 "The Court's discretion could then be invoked in a ruling on the motion. If the claim is a proper third-party action and will not prejudice other parties to the litigation, there is no reason to deny an application under Rule 14(a). See, 6
Wright Miller, Federal Practice and Procedure, Civil, § 1443 (1971); 3 Moore's Federal Practice, ¶ 14.05(1) (2d ed. 1968)."