THOMPSON, Presiding Judge.
On April 13, 2012, Jet Pep, Inc. (“Jet Pep”), filed a complaint in the Cullman Circuit Court (“the trial court”) seeking a determination as to whether it was required to pay benefits pursuant to the Workers’ Compensation Act (“the Act”), § 25-5-1 et seq., Ala.Code 1975, to its employee, Floyd Click. Jet Pep alleged that Click had submitted a workers’ compensation claim to it in which he stated that he had suffered an injury on August 19, 2011, but Jet Pep disputed the com-pensability of Click’s claimed injury. In its complaint, Jet Pep alleged that its principal place of business was located in Cull-man County and, therefore, that Cullman County was an appropriate venue for the dispute. The materials submitted to this court indicate that Click works for Jet Pep as a truck driver and that on August 19, 2011, he was driving a truck for Jet Pep and was involved in a vehicular accident.
On May 15, 2012, Click moved the trial court to transfer the action to another “proper venue.” In that motion, Click alleged that he resided in Etowah County, that he worked for Jet Pep in Etowah County, and that Jet Pep conducted business in Etowah County. Therefore, he contended, venue was appropriate in Eto-wah County. Click acknowledged that because Cullman County was the location of Jet Pep’s principal place of business, Cull-man County was also an appropriate venue for the litigation of the parties’ dispute. However, Click argued that the action should be transferred to Etowah County for the convenience of the parties.
On May 16, 2012, without conducting a hearing, the trial court granted Click’s motion to transfer the action to the Etowah Circuit Court. Also on May 16, 2012, Jet Pep moved to set aside the order transferring the action. In that motion, Jet Pep argued, among other things, that the May 16, 2012, order was entered the day after Click filed his motion and that Jet Pep had not been afforded an opportunity to respond. The trial court denied Jet Pep’s May 16, 2012, motion.
Jet Pep filed a timely petition for a writ of mandamus asking this court to direct the trial court to set aside its May 16, 2012, order transferring its action to the Etowah Circuit Court. See Ex parte AIG Baker Orange Beach Wharf, L.L.C., 12 So.3d 1204, 1207 (Ala.2009) (quoting Ex parte Miller, Hamilton, Snider & Odom, LLC, 978 So.2d 12, 13-14 (Ala.2007)) (“ ‘A petition for a writ of mandamus is the proper means for challenging an order transferring an action to another county.’”).[1]
*415 “A writ of mandamus will not be granted unless there is a clear showing of error by the trial judge. Ex parte Finance America Corp., 507 So.2d 458 (Ala.1987). An appellate court’s ‘review of a venue determination by petition for writ of mandamus is to determine whether the trial court abused its discretion and exercised its judgment in an arbitrary and capricious manner.’ Ex parte Joiner, 486 So.2d 402, 404 (Ala.1986). Furthermore, mandamus is an extraordinary and drastic writ which shall issue only when the petitioner shows that the trial court is bound by law to do what is requested. Ex parte Hendrix Health Care Center, 628 So.2d 725 (Ala.Civ.App.1993); Ex parte Evans, 545 So.2d 81 (Ala.Civ.App.1989); see also Ex parte Townsend, 589 So.2d 711 (Ala.1991).”
Ex parte Cavalier Homes of Alabama, Inc., 655 So.2d 1031, 1032 (Ala.Civ.App.1995).
In a workers’ compensation action, venue is governed by the same law applicable to tort actions. § 25-5-81(a)(l), Ala. Code 1975. This court has explained that venue in a workers’ compensation action is determined by examining where “a hypothetical tort action” could be brought against the employer by the employee. Ex parte Adams, 11 So.3d 243, 246 (Ala.Civ.App.2008). Thus, because Jet Pep is a corporation, venue for any workers’ compensation action against it would be gov erned by § 6-3-7, Ala.Code 1975. Ex parte Adams, 11 So.3d at 247. That venue statute provides:
“(a) All civil actions against corporations may be brought in any of the following counties:
“(1) In the county in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of real property that is the subject of the action is situated; or
“(2) In the county of the corporation’s principal office in this state; or
“(3) In the county in which the plaintiff resided, or if the plaintiff is an entity other than an individual, where the plaintiff had its principal office in this state, at the time of the accrual of the cause of action, if such corporation does business by agent in the county of the plaintiffs residence; or
“(4) If subdivisions (1), (2), or (3) do not apply, in any county in which the corporation was doing business by agent at the time of the accrual of the cause of action.”
§ 6-3-7(a), Ala.Code 1975.
In this case, venue is proper in Cullman County, where Jet Pep’s principal place of business is undisputedly located. § 6-3-7(a)(2). Venue is also proper in Etowah County, where Click resides and works and where the injury occurred. § 6-3-7(a)(l) and (3), Ala.Code 1975. When venue is proper in more than one county, the plaintiff may choose where the action is filed, and that “election must stand” unless the defendant demonstrates that venue was improper or that the action should be transferred to another county under the doctrine of forum non conve-niens. Ex parte State ex rel. C.M., 828 So.2d 291, 294 (Ala.2002); Ex parte Paulk, 722 So.2d 171, 174 (Ala.1998).
In this case, Jet Pep has demonstrated that venue was proper in Cullman County, and, because Jet Pep is the plaintiff in this action, deference should be afforded to its election to litigate in the trial court. Ex parte Bloodsaw, 648 So.2d 553, 555 (Ala.1994); see also Ex parte State ex rel. C.M., supra, and Ex parte Paulk, supra. In order to obtain a proper transfer *416 of the action to Etowah County under the theory of forum non conveniens, Click was required to demonstrate that it would be “ ‘ “ ‘significantly more convenient’ ” ’ ” to litigate in the other venue, i.e., Etowah County. Ex parte Bloodsaw, 648 So.2d at 555 (quoting Ex parte Johnson, 638 So.2d 772, 774 (Ala.1994), quoting in turn Ex parte Townsend, 589 So.2d 711, 715 (Ala.1991)).
With regard to the doctrine of forum non conveniens, our supreme court has explained:
“The purposes of the forum non con-veniens doctrine of § 6-3-211[, Ala. Code 1975,] are to prevent the waste of time and energy and to protect witnesses, litigants, and the public against unnecessary expense and inconvenience. Ex parte New England Mwt. Life Ins. Co., 663 So.2d 952 (Ala.1995); Ex parte Townsend, 589 So.2d 711 (Ala.1991). A defendant seeking a transfer based on § 6-3-21.1 has the burden of proving to the satisfaction of the trial court that the defendant’s inconvenience and expense in defending the action in the venue selected by the plaintiff are so great that the plaintiffs right to choose the forum is overcome. Ex parte New England Mut. Life, 663 So.2d at 956; Ex parte Townsend, 589 So.2d at 715. For a transfer to be justified, the transferee forum must be ‘significantly more convenient’ than the forum chosen by the plaintiff. Ex parte Townsend, 589 So.2d at 715. See also, Ex parte Johnson, 638 So.2d 772, 774 (Ala.1994).”
Ex parte Integon Corp., 672 So.2d 497, 500 (Ala.1995).
In Ex parte Johnson, supra, the trial court granted the defendants’ motion to transfer the action without conducting a hearing. In that case, the defendants had filed an unverified motion to transfer and had submitted no evidence in support of that motion. Our supreme court, noting that the burden of proof was on the defendants, concluded that “[t]he unverified allegations presented by the defendants were insufficient, to prove that the defendants’ inconvenience and expense in defending the action in the venue selected by the plaintiff are so great as to overcome the plaintiffs right to choose the forum.” Ex parte Johnson, 638 So.2d at 774. Accordingly, our supreme court issued the writ of mandamus.
In Ex parte Bloodsaw, supra, both Macon County and Elmore County were appropriate venues for Bloodsaw’s action, which was filed in Macon County. The trial court conducted a hearing on the defendant’s motion to transfer the action based on the theory of forum non conve-niens and granted the motion. In that case, the witnesses testified that they would be willing to travel to testify in Macon County, and the supreme court determined that the litigants would suffer no more inconvenience traveling to Macon County to litigate than they would to travel to nearby Elmore County for the same purpose. The supreme court concluded that the defendant had not presented sufficient evidence that “Bloodsaw’s right to choose Macon County as the forum for her case is outweighed by the inconvenience of trying the case in that county.” Ex parte Bloodsaw, 648 So.2d at 556.
In this case, in that part of his motion to transfer in which he mentioned the doctrine of forum non conveniens, Click stated only that his injury occurred in Etowah County, that he received medical treatment in Etowah County, and that “[a]ny witnesses as to the injury itself are located in Etowah County.” Click made no allegations regarding the convenience to the parties or to the witnesses of litigating in either venue.
*417 Further, the trial court granted the motion to transfer without conducting a hearing. Thus, the only evidence submitted to the trial court in support of the motion to transfer was Click’s affidavit in support of his motion to transfer. That affidavit addressed facts relevant to the issue whether venue was proper in Etowah County. Click’s affidavit sets forth no evidence pertaining to the issue of the convenience or expense of litigating in Cullman County for either of the parties or for the witnesses.
We conclude that Click did not present evidence demonstrating that litigating the action in the trial court was so inconvenient as to supersede Jet Pep’s right to choose an appropriate venue for its action. Ex parte Bloodsaw, supra; Ex parte Johnson, supra. Accordingly, we hold that the trial court erred in transferring the action to Etowah County and, therefore, that Jet Pep has demonstrated a clear legal right to the relief it seeks. We grant the petition for a writ of mandamus and order the trial court to vacate its May 16, 2012, order transferring this action to the Eto-wah Circuit Court.
PETITION GRANTED; WRIT ISSUED.
PITTMAN, BRYAN, and MOORE, JJ„ concur.
THOMAS, J., recuses herself.

. Our supreme court has noted:
"In Ex parte Chapman Nursing Home, Inc., 903 So.2d 813, 815 (Ala.2004), this Court stated:
"' “Once the transferor court has granted the motion to transfer the case and the file has been sent to, and docketed by, the transferee court, the transferor court cannot then change its mind and vacate or set aside its transfer order or order the case returned.” Ex parte Med-Partners, Inc., 820 So.2d 815, 821 (Ala.2001). The transferee court, likewise, cannot "retransfer” the case to the county in which it was originally filed. Ex parte Tidwell Indus., Inc., 480 So.2d 1201 (Ala.1985). "The aggrieved party’s sole remedy in such a case is a petition for writ of mandamus directed to the trans-feror court.” MedPartners, 820 So.2d at 821.’ ”
Ex parte AIG Baker Orange Beach Wharf, L.L.C., 12 So.3d at 1207 n. 4.