Rel: 08/29/2014

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0649), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## SPECIAL TERM, 2014

_____

### 1130302

_____

**Ex parte Elizabeth A. Morton**

PETITION FOR WRIT OF MANDAMUS

(In re: Annie P. Watkins

v.

Elizabeth A. Morton)

(Greene Circuit Court, CV-13-900042)

PARKER, Justice.

Elizabeth A. Morton petitions this Court for a writ of mandamus directing the Greene Circuit Court to vacate its

order denying Morton's motion to transfer this case to Jefferson County on the ground of <u>forum non conveniens</u> and to enter an order granting the motion. We grant the petition and issue the writ.

<u>Facts and Procedural History</u>

The relevant facts of this case are undisputed. On August 26, 2011, Morton, a resident of Greene County, and Annie P. Watkins, a resident of Jefferson County, were involved in a motor-vehicle collision in Jefferson County. Following the collision, Watkins was treated at a hospital in Jefferson County and subsequently received medical treatment at four health-care facilities located in Jefferson County.

On August 26, 2013, Watkins filed a complaint in the Greene Circuit Court against Morton, asserting claims arising out of the August 26, 2011, motor-vehicle collision. On September 26, 2013, Morton filed a motion to transfer this case to the Jefferson Circuit Court pursuant to the doctrine of <u>forum non conveniens</u>, as codified in § 6-3-21.1(a), Ala. Code 1975.[1] On October 1, 2013, Watkins filed a response. On

---

[1]As she now argues in her petition, Morton argued in her motion that the interest-of-justice prong of § 6-3-21.1(a) compelled the Greene Circuit Court to transfer this case to the Jefferson Circuit Court.

1130302

October 30, 2013, the Greene Circuit Court entered an order denying Morton's motion, stating: "After review of [Watkins's] response, the Motion to Transfer Venue of defendant, Elizabeth A. Morton, is hereby denied on authority of Ex parte Coley, 942 So. 2d 349 ([Ala.] 2006)." On December 11, 2013, Morton filed this petition for a writ of mandamus.

## Standard of Review

"'The proper method for obtaining review of a denial of a motion for a change of venue in a civil action is to petition for the writ of mandamus.' Ex parte Alabama Great Southern R.R., 788 So. 2d 886, 888 (Ala. 2000). 'Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.' Ex parte Integon Corp., 672 So. 2d 497, 499 (Ala. 1995). Moreover, our review is limited to those facts that were before the trial court. Ex parte National Sec. Ins. Co., 727 So. 2d 788, 789 (Ala. 1998).

"'The burden of proving improper venue is on the party raising the issue and on review of an order transferring or refusing to transfer, a writ of mandamus will not be granted unless there is a clear showing of error on the part of the trial judge.' Ex parte Finance America Corp., 507 So. 2d 458, 460 (Ala. 1987). In addition, this Court is bound by the record, and it cannot consider a statement or evidence in a party's brief that was not before the trial court. Ex parte American Res. Ins. Co., 663 So. 2d 932, 936 (Ala. 1995)."

3

1130302

<u>Ex parte Pike Fabrication, Inc.</u>, 859 So. 2d 1089, 1091 (Ala. 2002).

Discussion

Morton seeks a writ of mandamus directing the Greene Circuit Court to transfer this case to the Jefferson Circuit Court pursuant to the <u>forum non conveniens</u> statute, § 6-3-21.1, which states, in pertinent part:

> "With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein."

This Court has stated:

> "'A party moving for a transfer under § 6-3-21.1 has the initial burden of showing, among other things, one of two factors: (1) that the transfer is justified based on the convenience of either the parties or the witnesses, <u>or</u> (2) that the transfer is justified "in the interest of justice."' <u>Ex parte Indiana Mills & Mfg., Inc.</u>, 10 So. 3d 536, 539 (Ala. 2008)."

<u>Ex parte Wachovia Bank, N.A.</u>, 77 So. 3d 570, 573 (Ala. 2011).

Additionally, this Court has stated that,

> "'[w]hen venue is appropriate in more than one county, the plaintiff's choice of venue is generally given great deference.' <u>Ex parte Perfection Siding, Inc.</u>, 882 So. 2d 307, 312 (Ala. 2003) (citing <u>Ex</u>

4

1130302

> parte Bloodsaw, 648 So. 2d 553, 555 (Ala. 1994)).
> See also Ex parte Yocum, 963 So. 2d 600, 602 (Ala.
> 2007) ('The trial court should give deference to the
> plaintiff's choice of a proper forum.')."

Ex parte J & W Enters., LLC, [Ms. 1121423, March 28, 2014] ___

So. 3d ___, ___ (Ala. 2014).

As set forth above, the Greene Circuit Court denied Morton's motion to transfer this case pursuant to § 6-3-21.1(a) on the authority of Ex parte Coley, 942 So. 2d 349 (Ala. 2006). In Coley, the parents of a deceased passenger, as her personal representatives, filed a wrongful-death action in the Jefferson Circuit Court against the driver of the vehicle following an automobile accident in Perry County. The defendant filed a motion to transfer the case to the Perry Circuit Court, arguing, among other things, that the case should be transferred under the doctrine of forum non conveniens, as codified in § 6-3-21.1(a). The Jefferson Circuit Court denied the defendant's motion, and the defendant filed a petition for a writ of mandamus asking this Court to direct the Jefferson Circuit Court to transfer the case to the Perry Circuit Court.

5

This Court held that the defendant had not demonstrated a clear legal right to have the case transferred under § 6-3-21.1(a):

> "It appears that the action 'might have been properly filed' in Perry County, because the accident occurred there. See Ala. Code 1975, § 6-3-2. The parties do not argue this point. Thus, the trial court could properly transfer the case to Perry County 'for the convenience of parties and witnesses, or in the interest of justice.' See Ala. Code 1975, § 6-3-21.1(a). As the [plaintiffs] correctly point out, [the defendant's] burden was to show the trial court that Perry County is a significantly more convenient forum than is Jefferson County. See Ex parte Perfection Siding, Inc., 882 So. 2d [307] at 312 [(Ala. 2003)] ('The defendant must show that his inconvenience and expense in defending the action in the selected forum outweigh the plaintiff's right to choose the forum; that is, the defendant must suggest transfer to a county that is "significantly more convenient" than the county in which the action was filed.'). [The defendant's] burden before this Court on mandamus review is to show that she is clearly entitled to a transfer to Perry County.
>
> "In support of her contention that a trial in Perry County would be more convenient for the witnesses, [the defendant] contends that
>
>> "'the Perry County law enforcement personnel who investigated the accident and will be called to testify at trial likely reside in Perry County. At least two key witnesses expected to be called at the trial of this case ... are thought to reside in Perry County.'
>
> "[The defendant's] petition, p. 11. With respect to the convenience of the parties, [the defendant] states:

6

"'As of June 28, 2005, [the defendant] was living in Perry County. Lastly it is believed that the [plaintiffs] still reside in Florida and have no connection to Jefferson County.'

"[The defendant's] petition, p. 11.

"[The defendant] has not met her burden. [The defendant] merely points out that the accident occurred in Perry County and contends that some of the witnesses 'likely' or are 'thought to' reside in Perry County. As for the fact that the [plaintiffs] reside in Florida, the [plaintiffs] contend that it is actually more convenient for them to fly into Birmingham for the trial of the case in Jefferson County than to travel by automobile to Perry County. In addition, the [plaintiffs] contend that [the defendant] now lives in the Birmingham area. [The defendant] responds that she testified at her deposition in June 2005 that she considers her home address to be the farm in Uniontown in Perry County but that she is 'living out of a suitcase.' The fact that she is 'living out of a suitcase' does not support [the defendant's] argument that it would be significantly inconvenient for her to defend this case in Jefferson County. Nor do her assertions that certain witnesses 'might' reside in Perry County or the fact that the [plaintiffs] reside in Florida support her argument that Perry County is a significantly more convenient forum than is Jefferson County."

942 So. 2d at 355.

Morton argues that <u>Coley</u> addressed only the convenience prong of § 6-3-21.1(a) and, therefore, is inapposite to her argument that the interest-of-justice prong of § 6-3-21.1(a)

7

1130302

compels a transfer of this case to the Jefferson Circuit Court.  We agree that <u>Coley</u> is distinguishable on that basis.

In reviewing this case under the interest-of-justice prong of § 6-3-21.1(a), we must "determine whether 'the interest of justice' overrides the deference due the plaintiff's choice of forum" in the present case.  <u>J & W Enters.</u>, ___ So. 3d at ___.[2]  We hold that it does.

In <u>Ex parte Wachovia</u>, supra, this Court thoroughly discussed the application of the interest-of-justice prong of § 6-3-21.1(a) in several cases involving facts similar to those presented in this case:

> "In its petition for the writ of mandamus, Wachovia relies solely on the interest-of-justice prong as a ground for transfer.
>
> > "'"[I]n analyzing the interest-of-justice prong of § 6-3-21.1, this Court focuses on whether the 'nexus' or 'connection' between the plaintiff's action and the original forum is strong enough to warrant burdening the plaintiff's forum with the action." <u>Ex parte First Tennessee Bank Nat'l Ass'n</u>, 994 So. 2d [906,] 911 [(Ala. 2008)]....  Further, in examining whether it is in the interest of justice to transfer a case, we consider "the burden of piling court services and resources upon the people of

---

[2]As this Court noted in <u>J & W Enterprises</u>, "[o]ur inquiry depends on the facts of the case." ___ So. 3d at ___ (citing <u>Ex parte ADT Sec. Servs., Inc.</u>, 933 So. 2d 343 (Ala. 2006)).

8

a county that is not affected by the case and ... the interest of the people of a county to have a case that arises in their county tried close to public view in their county." Ex parte Smiths Water & Sewer Auth., 982 So. 2d 484, 490 (Ala. 2007).'

"Ex parte Indiana Mills [& Mfg., Inc.], 10 So. 3d [536] at 540 [(Ala. 2008)]. Thus, the dispositive question is whether the nexus between this action and Macon County is 'strong enough to warrant burdening' Macon County with this action. For the following reasons, we hold that it is not.

"Lee County is the situs of all the alleged acts or omissions giving rise to the plaintiffs' claims. Any allegedly unauthorized withdrawals were made from a Wachovia branch in Lee County. Police investigation of the matter was conducted in Lee County. Lee County is Floyd's place of residence, as well as the location of Unique [Image Pro Car Care, Floyd's business]. Thus, Lee County is the place where all the injury alleged in the complaint occurred. Although it is not a talisman, the fact that the injury occurred in the proposed transferee county is often assigned considerable weight in an interest-of-justice analysis. See Ex parte Autauga Heating & Cooling, LLC, 58 So. 3d 745, 748 (Ala. 2010) ('"[T]his Court has held that 'litigation should be handled in the forum where the injury occurred.'"' (quoting Ex parte Indiana Mills, 10 So. 3d at 540)); Ex parte McKenzie Oil, Inc., 13 So. 3d 346, 349 (Ala. 2008) (same).

"In short, nothing material to this case transpired in Macon County. Macon County's sole material contact with this case is that the two individual defendants ... reside there. Recent cases decided under the interest-of-justice prong are dispositive.

9

"In Ex parte Autauga Heating & Cooling, LLC, for example, this Court issued a writ of mandamus directing the Montgomery Circuit Court –- in the interest of justice –- to transfer the action to Elmore County. 58 So. 3d at 747. That case arose out of an automobile accident involving Lori Lee Wright, a resident of Elmore County, and Richard Alexander Rogers, a resident of Montgomery County. The vehicle being operated by Rogers at the time of the accident was owned by Autauga Heating & Cooling, LLC ('Autauga'), which had its principal place of business in Autauga County. The accident occurred in Elmore County, and Wright received treatment at the scene of the accident from emergency medical personnel who lived in Elmore County. 58 So. 3d at 749. When an action was brought against Rogers in the county of his residence, Rogers sought the removal of the action to Elmore County, the situs of the alleged acts or omissions and the place of the injury.

"This Court concluded that a transfer of the case was required. In so doing, we said:

"'Although we agree with Wright that the case has a connection with Montgomery County because Rogers is a resident of Montgomery County and [Autauga] may have some business connections there, ... the overall connection between Montgomery County and this case is weak and ... the connection between the case and Elmore County is strong.

"'... Besides the fact that Rogers is a resident of Montgomery County, there was no other evidence before the trial court indicating a connection between the case and Montgomery County.

"'....

    "'The accident underlying this action occurred in Elmore County, and the emergency personnel who responded to the accident were from Elmore County. The plaintiff herself is a resident of Elmore County. This Court sees no need to burden Montgomery County, with its weak connection to the case, with an action that arose in Elmore County simply because the individual defendant resides in Montgomery County and the corporate defendant does some business there.'

"58 So. 3d at 750 (emphasis added).

"In so holding, this Court relied on and discussed Ex parte Indiana Mills & Manufacturing, Inc.:

    "'This Court addressed similar facts in Ex parte Indiana Mills & Manufacturing, Inc., supra. In Indiana Mills, the decedent was driving a garbage truck in Lee County owned by his employer when the raised rear door of the truck struck an overhead railroad trestle, causing the truck to crash. The decedent was killed when he was ejected from the truck. His widow filed a complaint in Macon County against the manufacturers of the garbage truck and the seat belts in the truck and three employees of the decedent's employer. The employer's principal place of business was in Tallapoosa County. The employer conducted business in Macon County, and one of the individual defendants lived in Macon County. The defendants moved the trial court to transfer the case to Lee County based on the doctrine of forum non conveniens. The trial court denied that motion, and the defendants petitioned this Court for mandamus relief.

11

1130302

> "'This Court granted the defendants' mandamus petition and ordered the trial court to transfer the case from Macon County to Lee County based on the "interest of justice" prong of § 6-3-21.1. In doing so, this Court noted that the accident occurred in Lee County, that the law-enforcement and emergency personnel who had responded to the accident were based out of Lee County, that the chief deputy coroner who investigated the decedent's death did his work in Lee County, and that the records and documents of the fire department that responded to the accident were located in Lee County. Comparing this to the fact that only one of the individual defendants resided in Macon County and that the employer conducted business there, there being no other relevant facts involving Macon County, this Court held that the nexus between Lee County and the case was strong, that the nexus between Macon County and the case was weak, and that the trial court thus had exceeded its discretion in refusing to transfer the case to Lee County.'

"Ex parte Autauga Heating & Cooling, 58 So. 3d at 750 (discussing Ex parte Indiana Mills) (emphasis added).

"In this case, as in Autauga Heating & Cooling and Indiana Mills, the injury occurred in the county to which the transfer is sought. Here, as in Autauga Heating & Cooling and Indiana Mills, no material act or omission occurred in the forum county. As in Indiana Mills, the official investigation of the incident was in the county to which the transfer was sought -- here, Lee County."

77 So. 3d at 573-75.

12

As in Wachovia, Ex parte Autauga Heating & Cooling, LLC, 58 So. 3d 745 (Ala. 2010), and Ex parte Indiana Mills & Manufacturing, Inc., 10 So. 3d 536 (Ala. 2008), Watkins's injury occurred in the county to which transfer is sought -- Jefferson County; Watkins is also a resident of Jefferson County and received treatment in four separate medical facilities located in Jefferson County. Additionally, as in Wachovia and Indiana Mills, the official investigation of the incident was conducted in the county to which the transfer is sought. Furthermore, as in Wachovia, Autauga Heating & Cooling, and Indiana Mills, no material act or omission occurred in Greene County.

Watkins argues that Wachovia, Autauga Heating & Cooling, and Indiana Mills are distinguishable because each of those cases involved multiple defendants residing in both the forum and transferee counties. Although the number and residency of the defendants may affect an interest-of-justice analysis under § 6-3-21.1(a), the fact that the above cases involved multiple defendants does not render them inapposite to the present case involving only one defendant. Considering the similarities between the above cases and the present one, that

13

factual distinction in this case -- that Morton is the sole defendant -- is de minimis. See, e.g., Wachovia, 77 So. 3d at 575 ("As in [Autauga Heating & Cooling and Indiana Mills], the only material connection with the forum county is a defendant's residence. To be sure, in this case two defendants reside in the forum county, rather than one. Given the posture of this case, however, that distinction is inconsequential.").

For the reasons explained above, Jefferson County has a significantly stronger connection to this case than does Greene County, which is connected to this case only by the fact that Morton resides there -- a connection this Court has characterized as "weak." See Autauga Heating & Cooling, 58 So. 3d at 750 ("This Court sees no need to burden Montgomery County, with its weak connection to the case, with an action that arose in Elmore County simply because the individual defendant resides in Montgomery County and the corporate defendant does some business there."); Indiana Mills, 10 So. 3d at 542 ("We see no need for Macon County, with its weak connection with this case, to be burdened with an action that arose in Lee County simply because one of several defendants

14

resides there. Instead, Lee County clearly has a strong connection with this case. See Ex parte Verbena United Methodist Church, 953 So. 2d 395, 400 (Ala. 2006) (holding that the 'weak nexus' with the county in which an action was filed did not 'justify burdening' that county with the trial of that action; thus, the doctrine of forum non conveniens required the case be transferred to a county that had 'a much stronger nexus')."). Accordingly, the interest of justice overrides Watkins's choice of forum. Therefore, Morton has a clear legal right to the relief she seeks.

## Conclusion

Morton has met her burden of showing that transfer of this action to Jefferson County is justified in the interest of justice. The trial court exceeded its discretion, therefore, in denying the motion to transfer the case. Morton is entitled to a writ of mandamus directing the trial court to grant her motion; thus, we grant the petition and issue the writ.

PETITION GRANTED; WRIT ISSUED.

Stuart, Bolin, Shaw, Main, Wise, and Bryan, JJ., concur.

Moore, C.J., and Murdock, J., dissent.

15

1130302

MURDOCK, Justice (dissenting).

For the reasons explained in my special writings in Ex parte Wachovia Bank, N.A., 77 So. 3d 570, 576-78 (Ala. 2011) (Murdock, J., dissenting), and Ex parte Autauga Heating & Cooling, LLC, 58 So. 3d 745, 751-52 (Ala. 2010) (Murdock, J., dissenting), I disagree with the proposition that Elizabeth A. Morton is entitled to a transfer of this action to Jefferson County based on the "interest-of-justice prong" of § 6-3-21.1, Ala. Code 1975. Additionally, I am concerned that, notwithstanding its acceptance of Ex parte Coley, 942 So. 2d 349 (Ala. 2006), as a case decided under the convenience prong of § 6-3-21.1, some portions of the main opinion could be read as further expanding the field of operation of the interest-of-justice prong to include certain convenience-prong factors.